# Porter v. The State.

*Indictment for Murder.*

| | |
|---|---|
| 135 | 51 |
| 140 | 98 |
| 135 | 51 |
| 139 | 14 |
| 135 | 51 |
| 143 | 46 |

1. *Homicide; insanity; evidence; experts; opinion based on evidence in case.*—On the trial of one indicted for murder, where insanity is pleaded as a defense, it is improper to ask a physician, who heard all the evidence, whether or not in his opinion, "based upon all the evidence in the case tending to show the sanity and insanity of the defendant," the defendant was sane or insane at the time of the killing,—as a responsive answer would embody a conclusion of the witness as to the credibility of the testimony and as to the value of opinions expressed by other witnesses.

2. *Same; evidence; threats.*—On the trial of a murder case evidence that the defendant said to deceased, several hours before the killing, "You better kill me now while you got a chance," was admissible as a threat and as tending to show that the killing was malicious and premeditated.

3. *Same; insanity; evidence.*—Where, in order to show defendant's insanity, evidence has been offered by defendant as to extravagant statements made by him about the value of some dogs, the State may show that he was a great hunter.

4. *Same; intoxication; evidence.*—Where, in a homicide case, defendant pleads insanity, evidence for the State that at various times during the period covering defendant's conduct as testified to by his witnesses, he had been under the influence of liquor, was relevant to the inquiry as to defendant's mental condition generally.

5. *Same; burden of proving insanity; Code, § 4938.*—Every person charged with crime is presumed to be responsible for his

[Porter v. The State.]

acts, and the burden of proving that he is irresponsible is cast upon the accused. The defense of insanity in all criminal cases should be clearly proved to the reasonable satisfaction of the jury, (Code, § 4938).

6.   *Same; insanity; burden of proof; reasonable doubt; charge; Code, §§ 4938,· 4943.*—On the trial of a murder case, where the plea of insanity was interposed and trial had thereon as well as on the plea of "not guilty," a charge to the jury that "if you have a reasonable doubt of the defendant's guilt, you must acquit him," is misleading, as to the burden and degree of proof imposed on the defendant under section 4938 of the Code in the trial of the issue under the special plea, and also because it authorized a general verdict of not guilty regardless of whether they found for the defendant under the special plea; section 4943 of the Code providing that, in the event he is acquitted on the plea of insanity, the court is to ascertain whether his insanity continues, and if it does shall order him to be put in safe custody and to be sent to the hospital.

7.   *Same; symptoms of insanity; charge invading province of jury.* In a homicide case, where insanity is an issue, a charge invades the province of the jury which instructs that extravagant acts, nervousness, sleeplessness and restlessness are symptoms of insanity.

8.   *Insanity; presumption of continuance.*—There is no presumption of continuance of insanity arising from a cause which is usually temporary in effect.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. A. A. EVANS.

The defendant was indicted and convicted of murder in the first degree, and was sentenced to the penitentiary for life. The opinion sufficiently shows the questions reserved upon the admission of evidence.

The court gave at the request of the State the following written charge: "When insanity is interposed as a defense to crime, under our statute, the burden of proof is on the defendant to prove it at least by a préponderance of the evidence, and a reasonable doubt as to it does not justify an acquittal."

The court refused to defendant the following written charges:   (1.)   "I charge you, gentlemen of the jury, that if you have a reasonable doubt of defendant's guilt,

[Porter v. The State.]

you must acquit him." (2.) "While insanity, when set up as a defense in a criminal case, must be established to the reasonable satisfaction of the jury by a preponderance of the evidence, yet, if, after a consideration of all the evidence in the case, the jury have a reasonable doubt of the guilt of the defendant, they must acquit him." (3.) "I charge you, gentlemen of the jury, that extravagnat acts, nervousness, sleeplessness and restlessness are symptoms of insanity." (14.) "When insanity is proven to have existed at a given time, the presumption of the law is that it continued."

BARNES & DUKE and J. E. HENRY, for appellant.—(1.) The evidence was inadmissible, that defendant told deceased several hours before the killing, "You had better kill me now while you got a chance."—*Martin's Case,* 77 Ala. 1; *Jones' Case,* 116 Ala. 468; *Harrison's Case,* 78 Ala. 5. (2.) An expert witness cannot be allowed to state his opinion, on the whole evidence, as to condition of defendant's mind, since that would usurp the functions of the jury."—*Gunter's Case,* 83 Ala. 96; 2 Lawson's Criminal Defenses, p. 54; *United States v. McGlue,* 1 Curtis 1. (3.) The court erred in refusing charges 1 and 2 requested by defendant Clark's Manual of Crim. Law, § 2490; *Henson's Case,* 112 Ala. 41; *Whitten's Case,* 115 Ala. 72. (4.) The court should have given charge 3 as requested.—*Boswell's Case,* 63 Ala. 307. (5.) Charge 4 asserts a correct proposition and should have been given. Lawson's 2 Crim. Defenses, p. 335; 21 N. J. Law, 196.

CHARLES G. BROWN, Attorney-General for the State, cited, in support of the action of the court in giving the special charge requested by the State and refusing those requested by the defendant, Crim. Code, §§ 4938, 4943; *Martin v. State,* 119 Ala. 1; *Maxwell v. State,* 89 Ala. 150; *Ramsay v. State,* 91 Ala. 29-31; *Tanner v. State,* 92 Ala. 8; 3 Brick. Dig. 112.

SHARPE, J.—Defendant was tried on an indictment charging him with the murder of Joseph Fincher.· He defended under a plea of not guilty "by reason of insanity" and a plea of "not guilty." That he committed the homicide was proven without dispute. In defendant's behalf testimony was introduced respecting certain peculiarities in his appearance, acts and utterances and of mental unsoundness in other members of his family, which testimony tended to support the plea of insanity. The State introduced testimony of witnesses to effect that they had long known the defendant and were of the opinion he was sane at the time of the killing. Thereupon Dr. Prather, medical expert, was called for the State and testified that he had heard all the evidence in the case. The solicitor then said to him: "Upon the whole of the evidence in this case tending to show the sanity and insanity of defendant at the time of the tragedy, all· of which you have heard, what is your opinion of the defendant's mind at the time of the killing of Joseph Fincher?" Against defendant's objection the witness was allowed to answer: "In my opinion he was sane." This question called for an opinion of the witness based not on a statement of facts in evidence hypothesized as facts existing, but upon a mass of evidence wherein the opinion evidence for the State was opposed to inferences that might have been drawn from the circumstantial evidence adduced by defendant. A responsive answer to the question such as was given must necessarily have embodied and conveyed to the jury a concluion of the witness as to the credibility of the testimony and as to the value of the opinions expressed by other witnesses. To require or allow the witness to thus pass like a jury on the issue of insanity was improper and was probably injurious to the defense. *Gunter v. State,* 83 Ala. 96, and authorities there cited. For the error in overruling the objection to this question the judgment must be reversed.

In other respects the proceedings in the trial court are free from error.

During a fight between them on the day of and some hours before the homicide, defendant said to the de-

ceased: "You had better kill me now while you got a chance." This utterance was susceptible of being interpreted as a threat and evidence of it was admissible as tending to show the killing was premeditated and malicious.

Evidence having been introduced in defendant's behalf of statements supposed to be extravagant, made by him about the value of the dogs, the State was properly allowed to prove he was a great hunter; since to that fact rather than to mental aberration the jury may have found those statements were attributable.

The State had a right to prove that at various times during the period covering defendant's conduct as testified to by his witnesses defendant had been under the influence of alcoholic stimulants and that he was intoxicated by liquor on the afternoon of the tragedy. Evidence of such facts was relevant to the inquiry as to defendant's mental condition generally and so was admissible whether or not it had relation to the particular happenings disclosed by the testimony for the defense.

Section 4938, of the Code, provides: "Every person charged with crime is presumed to be responsible for his acts, and the burden of proving that he is irresponsible is cast upon the accused. The defense of insanity in all criminal prosecutions shall be clearly proved to the reasonable satisfaction of the jury." The charge given at the solicitor's request merely asserts in substance the law embodied in this statute. See *Gunter v. State, supra.* If the jury find a general verdict of "not guilty," the defendant is entitled to be released from custoday, but if a special verdict is found acquitting the defendant on the ground of insanity, the court is required under section 4943 of the Code to "carefully inquire and ascertain whether his insanity in any degree continues, and if it does, shall order him in safe custody, and to be sent to the hospital." The first and second charges refused to the defendant would, if given, have tended to mislead the jury as to the burden and degree of proof which the statute imposed on the defendant in the trial of the issue under the special plea and to also mislead them to believe they were authorized to render a general

verdict of not guilty regardless of whether they found for defendant under the special plea.

By giving the third refused charge the court would have invaded the province of the jury, for though extravagant acts, nervousness, sleeplessness and restlessness on the part of defendant were proper to be proved (*Boswell v. State,* 63 Ala. 307), whether they amounted to symptoms of insanity, was a question of fact.

Insanity arising from a cause which is usually temporary in effect is not attended with any presumption of continuance.—*Pike v. Pike,* 104 Ala. 642; *Johnson v. Armstrong,* 97 Ala. 731; *O'Donnell v. Rodiger,* 76 Ala. 222. The fourth refused charge makes no distinction between temporary and permanent phases of the disorder and for that reason, if for no other, is bad.

Reversed and remanded.