# Tillis *v.* The State.

## *Murder.*

(Decided February 12, 1914.   64 South. 527.)

1. *Trial; Reception of Evidence; Objection.*—Where answers responsive to questions are given without objection to such question, the court cannot be put in error for failure to exclude such answer.

2. *Homicide; Self-Defense.*—A charge asserting that the burden was on the state to show that defendant could not have retreated without increasing his danger, misplaced the burden of proof, and was properly refused.

3. *Same.*—Where a defendant sets up self-defense, he has the burden of showing that he could not have retreated without increasing his peril.

4. *Same.*—Where there was evidence that the killing was in a sudden affray, and was by accused with the use of a deadly weapon which

[Tillis v. The State.]

was concealed before the commencement of the fight, and that decedent had no deadly weapon, a charge asserting that defendant was not on trial for carrying a concealed pistol, but for murder, and that the mere fact that he had a pistol at the time of the killing did not, as a matter of law, aggravate any offense of which he was charged, or justify a conviction unless under the evidence, the jury believed beyond a reasonable doubt that defendant is guilty under the indictment, in view of the provisions of section 7086, Code 1907, was properly refused, as confusing and as liable to convey the impression that the possession of a pistol by defendant could not have the effect of aggravating any offense of which he was guilty.

APPEAL from Henry Circuit Court.

Heard before Hon. M. SOLLIE.

Wayne Tillis was convicted of second degree murder, and appeals. Affirmed.

The following are the charges refused to defendant:

(1) Appears from opinion.

"(C) The defendant in this case is not on trial for carrying concealed pistol, but he is on trial for murder under the indictment in this case; and the mere fact, if it be a fact, that defendant had a pistol on the occasion of the shooting of deceased does not, as a matter of law, aggravate any offense with which defendant is charged in this indictment, nor justify the conviction, unless under the evidence you believe beyond a reasonable doubt and to a moral certainty that he is guilty under the indictment on which he is on trial."

W. O. LONG, E. H. HILL, and ESPEY & FARMER, for appellant. Counsel discuss the admission of evidence, and insist that it was error and in view of the new rule, resulted in injury.—*Coffman v. L. & N.*, 63 South. 529. Under the peculiar facts of this case, the burden of proof was on the state to show that defendant could have retreated without increasing his danger.—*Whitten's Case*, 115 Ala. 72; *Compton's Case*, 110 Ala. 24; *Henson's Case*, 112 Ala. 41; *Howard's Case*, 110 Ala. 92; *Springfield's Case*, 96 Ala. 81.

R. C. BRICKELL, Attorney General, T. H. SEAY, Assistant Attorney General, and W. L. LEE, for the State.

WALKER, P. J.—No difficult or novel question is presented by the exceptions reserved to rulings made by the trial court on objections to evidence. No one of those rulings affords to the appellant any tenable ground of complaint.

Special complaint is made in the argument in behalf of the appellant of the action of the court in permitting the solicitor, on the cross-examination of the defendant's witness Jack Porter, to elicit statements made by the deceased to the witness. These statements were brought out in responsive answers to questions to the witness, to which no objection was interposed. The defendant could not thus speculate on the answers the witness would make, and then require the court to exclude the testimony so brought out.—*Hudson v. State,* 137 Ala. 60, 34 South. 854.

The court properly refused the requested written charge, to the effect that the burden of proof is on the state to show that the defendant could not have retreated without increasing his danger. The use of the word "not" gave the charge a meaning different from that probably intended. It is not to be supposed that the intention was to request the court to charge that the state assumed the burden of proving the defendant's inability to retreat.

Besides, a defendant who was under the duty to retreat, if this was practicable without increasing his peril, has the burden of proving this ingredient of self-defense.—*Robinson v. State,* 155 Ala. 67, 45 South. 916; *Naugher v. State,* 105 Ala. 26, 17 South. 24.

Written charge C, requested by the defendant, is involved and confusing, besides being so expressed as to

[Wood v. The State.]

be liable to convey the impression that the defendant's possession of a pistol in circumstances of which there was evidence could not have the effect of aggravating any offense of which he was guilty in killing the deceased. If, as there was evidence tending to prove, the killing was in a sudden encounter or affray, and was caused by the defendant by the use of a deadly weapon, which was concealed before the commencement of the fight, the deceased having no deadly weapon drawn, the killing was murder, when, but for such concealment of a deadly weapon by the defendant and the failure of the deceased to have one drawn the homicide may have been of lower grade.—Code 1907, § 7086. The charge in question was properly refused.

There is no error in the record.

Affirmed.