148 So. 751

## BELL v. STATE.
### 7 Div. 956.

Court of Appeals of Alabama.
April 18, 1933.

Rehearing Denied May 9, 1933.

Thos. W. Millican and Haralson & Son, all of Fort Payne, for appellant.

442

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, Judge.

The evidence both as to the guilt vel non of the defendant and as to venue was in sharp conflict, and appellant's counsel recognizing this confines his argument to an insistence that the judgment should be reversed for and on account of the remarks of the solicitor and the refusal of the court to halt the trial, declare a mistrial, and continue the case. There was no motion to set aside the verdict.

The remarks of the solicitor were improper and so recognized by the court in its rulings. We do not think, however, that the remarks were of such a nature as to require a withdrawal of the case from the jury as moved for by defendant. There is no ironclad rule by which the prejudicial character of improper remarks or argument of counsel can be ascertained in all cases, much depending upon the issues, parties, and general circumstances of the particular case. Bridgeforth v. State, 16 Ala. App. 584, 80 So. 158; Anderson v. State, 209 Ala. 36, 95 So. 171.

In passing upon these questions much must be left to the sound judgment of the trial judge. In this case we cannot say that the trial judge was in error in his rulings on this question.

We find no prejudicial error, and the judgment is affirmed.

Affirmed.