157 So. 449

## HOLT v. STATE.

### 6 Div. 605.

Court of Appeals of Alabama.

June 22, 1934.

Rehearing Denied Oct. 2, 1934.

D. G. Ewing, of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The indictment was in Code form and was not subject to the motion to quash or to any ground of the demurrer. Code 1923, § 4556, form 72. Moreover, the judgment, if any, on the motion to quash and on the demurrer, does not appear in the record proper and is not here reviewable. McGilvray v. State, ante, p. 120, 154 So. 599; Alabama & Southern Digest, Criminal Law, ☜1088 (18).

The homicide in this case arose out of an automobile accident. There was a collision on a public highway between a car driven by the defendant and another car in which the deceased was riding. The state's evidence tended to show that the accident occurred due to the negligence of the defendant. It tended to show the two cars were going in opposite directions and that defendant was driving his car on the wrong side of the highway. When the two cars approached each other, a collision occurred approximately in the center of the highway. The driver of the car in which the deceased was riding pulled to the center of the highway in order to attempt to avoid a collision with the defendant's car which was on the wrong side of the highway. At the same time, however, the defendant also pulled towards the center of the highway. The collision thus occurred in which the deceased was fatally injured. The state's evidence further showed that both cars were traveling at a speed of approximately thirty-five miles an hour just before the collision. It further showed that the car in which the deceased was riding slowed down considerably just before the impact, but that the defendant's car continued at the rate of speed above mentioned. There was evidence introduced on behalf of the state which tended to show

that the defendant was under the influence of intoxicating liquor.

The evidence introduced on behalf of the defendant denied any negligence on his part. It tended to show that the accident was due to the fault of the driver of the car in which the deceased was riding. There was also testimony that the defendant was not under the influence of intoxicating liquor.

■ Under the above state of the evidence a jury question was presented. There was evidence that the defendant was doing an unlawful act out of which arose, as a proximate result thereof, the death of the deceased. Section 55 (driving on right side of highway) and section 48 (driving under the influence of intoxicating liquors) of the Alabama Highway Code of 1927, Gen. Acts 1927, pp. 370 and 365. Such was sufficient to warrant a conviction of manslaughter in the second degree. Curlette v. State, 25 Ala. App. 179, 142 So. 775 and cases cited.

■ During the trial, as appears from the bill of exceptions, there were several colloquies between the defendant's counsel, the solicitor, and the court, growing out of an effort on the part of defendant's counsel to introduce certain testimony relative to a settlement made by some insurance company with this defendant growing out of this collision. All of that testimony was clearly inadmissible in this case, as being res inter alios acta. An admission relative to the responsibility for the collision made either by the insurance company or its agent could not be binding on the state. On all these questions the court properly ruled.

During the efforts of the defendant's counsel to introduce this testimony as to a settlement by the insurance company with defendant, there were several extended arguments and colloquies between the court, defendant's counsel, and the solicitor, in which statements were made by all parties which had no place in the trial and should not have been made, but most, if not all, of them were provoked by the defendant's counsel in continuing a line of examination after the court had fairly ruled on the proposition and defendant had the benefit of the exception. We find in none of the remarks of the court or of the solicitor such error as would justify a reversal.

■ There is no ironclad rule by which the prejudicial character of the improper remarks and arguments of counsel can be ascertained in all cases, much depending on the issues, parties, and the general circumstances of the particular case. Bell v. State, 25 Ala. App. 441, 148 So. 751, and cases cited. In the instant case, the jury was instructed to consider only the legal evidence presented. Moreover, the controversies in question were more or less provoked by counsel for the defendant. It does not appear that the substantial rights of the defendant were in any way prejudiced by the conduct of the trial judge or the solicitor. Fulton v. State, 24 Ala. App. 356, 135 So. 414.

There was only one issue involved in the case, and that was whether or not the homicide grew out of the unlawful act committed by the defendant. This issue was presented to the jury in a fair and impartial way by the court's oral charge and charges given at the request of the defendant. The jury was correctly instructed as to the propositions of law involved. Curlette v. State, supra. The defendant's substantial rights were in no wise prejudiced.

Appellant lists in his brief sixty-seven assignments of error, most of which are without merit and relate to rulings on questions having no bearing on the main issues here involved.

■ The issues in this case are both plain and simple; these issues were presented to the jury by the court in a clear and concise charge which covered every phase of the case. Questions relating solely to the charge of manslaughter in the first degree are eliminated by the verdict of the jury. Written charges requested by defendant and refused by the court relating to manslaughter in the second degree were either wrong in their statements of the law or were covered by the court in his oral charge or the written charges given at the request of defendant. The court erroneously charged the jury that the punishment for manslaughter in the second degree was not less than ten days at hard labor, but the error did not affect the defendant as the verdict fixed the time at six months. We have examined all of the questions presented and in them find no prejudicial error. The defendant has had a fair trial, and the judgment is affirmed.

Affirmed.

## On Rehearing.

■ Appellant complains that this court did not give due consideration to that line of testimony offered by him for the purpose of impeaching the testimony of state witness Davidson, in which he testified that the defendant appeared to be drunk or under the influence of whisky. The court did not err in permitting Davidson to testify that defendant appeared to be drunk or that his actions

at the time of the collision indicated drunkenness. 7 Alabama and Southern Digest, Criminal Law, ☞457. If as a matter of fact defendant's acts at that time were due to a blow on the head, that fact was open to proof by defendant and the issue would then be one for the jury.

Defendant also complains that he was not permitted to impeach this testimony by proof of bias on the part of Davidson. Bias on the part of a witness may always be shown as tending to discredit his testimony. But the fact that other parties had settled a damage suit growing out of a collision in which witness was involved was res inter alios acta and not admissible for any purpose.

The counsel for appellant during the trial made insistent and persistent efforts to introduce testimony which the court ruled was illegal. This resulted in much wrangling between the attorneys and some sharp retorts by the court. These colloquies were provoked by defendant's counsel due to his insistences, after rulings by the court. It is unfortunate that such situations sometimes arise in the trial of cases, and should be avoided when possible; but in this case the trial judge repeatedly cautioned the jury that they were to pay no attention to these things, but were to be guided by the evidence only.

In the examination of Delozier, a witness for the state, he was asked by the solicitor: "What I am talking about is was his actions that of a man who was under the influence of whisky, his staggering and falling there, and his actions in sitting in the car, and all of his actions, and asking you what had happened,—were those actions the actions of a man under the influence of whisky?" The answer was: "Yes, he acted like there was something the matter with him. He was either shook up over the wreck or there was something the matter with him some way or another." This answer cured any error in rulings on objections to the question. The answer does not decide the question, but leaves it open to the jury.

The state was permitted to prove, over objection and exception, that a witness not present at the time of the accident, but, arriving immediately afterwards, examined the road and found marks and signs of the accident which indicated that the cars collided on the right-hand side of the road going west. This is one of the exceptions to the general rule that witnesses must depose to facts in detail, leaving to the jury the finding of the conclusion. The testimony is classed as a collective fact.

Let the application be overruled.