53 So.2d 885

**HAMPTON v. STATE.**

**7 Div. 121.**

Court of Appeals of Alabama.

Aug. 21, 1951.

Roy D. McCord, Gadsden, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment charges murder in the second degree. On the trial the court gave the general affirmative charge as to murder. The jury found the defendant guilty of manslaughter in the first degree and fixed his punishment at three years in the penitentiary.

On March 8, 1949, at 4:30 p. m. of a clear day, appellant driving a 1937 Model one and a half ton truck, was traveling north on the Leesburg-Collinsville highway in Cherokee County. Deceased, Harold Foy Pearson, was proceeding in the opposite direction, driving a 1946 Model Ford Sedan. At a point near where the old Bristow Gap road intersects said highway a collision occurred between the two automobiles.

The State's evidence tended to show that defendant was intoxicated. That he was driving down the center of the road and when he was 65 feet away from the intersection he abruptly pulled left across the highway, causing the collision. Defendant was driving without a license.

Defendant's testimony was to the effect that he was driving on the right side of the highway at a speed of from 15 to 20 miles per hour. That he signaled his in-

tention to turn left into the Bristow Gap road. He began to turn 35 to 40 feet from the intersection. He then observed deceased, about 400 yards away, traveling at a rapid speed. Defendant stated he thought he had time to get out of the way and continued to turn toward the intersection. He admitted taking three drinks of whiskey before 11 o'clock, but denied he was intoxicated at the time of the accident.

The evidence presented a question for the jury as to the guilt of defendant of manslaughter in the first degree. The affirmative charge was properly refused. Holt v. State, 26 Ala.App. 223, 157 So. 449; Rainey v. State, 245 Ala. 458, 17 So.2d 687; Reynolds v. State, 24 Ala.App. 249, 134 So. 815.

No good purpose would be served by a separate discussion of each exception reserved during the trial. We are convinced there was no reversible error in the rulings of the court on the admission of evidence.

The charges refused to defendant were fairly and substantially covered by the given charges.

We find no error in the record and the judgment is affirmed.

Affirmed.