157 So.2d 125

John **COOPER**

v.

**STATE.**

**8 Div. 884.**

Court of Appeals of Alabama.

Oct. 22, 1963.

Ralph E. Slate, Decatur, for appellant.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

Cooper was found guilty of manslaughter in the first degree with his punishment fixed at six years in the penitentiary. The court overruled his motion for new trial, hence this appeal.

The evidence is without conflict that Cooper shot the deceased, Robert Draper, near Draper's home December 9, 1961.

The State's evidence tended to show that Cooper tried to collect Five Dollars from Draper and the shot which killed Draper was fired during an argument over the Five Dollars.

Cooper's evidence tended to show that Draper tried to borrow Five Dollars from him a few hours before the shooting.

Cooper and Draper had a fight at the home of a mutual friend. The friend stopped the fight and Draper went home. Cooper followed him and they resumed the argument. As Draper, so the defense adduced, advanced on Cooper with an open knife, Cooper fired the fatal shot.

During final argument to the jury, we find:

"ARGUMENT BY MR. RICHARD HUNDLEY

"BY MR. SLATE: Now, then, sir, we object to the statement by the solicitor that 'that old invisible knife from outer space has come into this court room so many times they ought to put it on a record and call it "The Ralph Slate Blues" and put it down in The Green Frog Cafe.' He didn't say this, but this is known as a colored cafe and honky tonk place.

"COURT: Sustained.

"MR. SLATE: And move for a mistrial.

"COURT: I will overrule that motion and say to you gentlemen you are not to consider that.

"MR. SLATE: On the basis, your honor, of the Court of Appeals in the Crook vs. State case.

"COURT: I think you gentlemen will take the court's instruction from the bench of what the law is. I have already told you regarding argument, but I will say again, arguments or statements of counsel in their closing argument, when I tell you to disregard it, I am sure you will disregard these statements. Will you? I take it you will, and I will tell you to disregard this argument, and I sustain the objection."

We think that the only rational meaning of "old invisible knife from outer space" is of a cutting weapon which does not exist on this earth, lies unseen, and when coupled with Hon. Ralph Slate is a direct reference to the fact that Mr. Slate has inspired a recollection of it in his client's mind. Such form of argument, of course, goes somewhat beyond the permissible bound of forensic nonsense or the rough and tumble of an adversary trial. See 23A C.J.S. Criminal Law § 1081, for a rather generalized homily.

The trial judge sustained objection and told the jury to disregard the entire remark. In the case of Crook v. State, 8 Div.

**172**

785, we laid aside the applicability of the aggregate effect of otherwise cured separate instances of prejudicial questions or remarks. We noted Blue v. State, 246 Ala. 73, 19 So.2d 11, as the leading but rarely used case.

Here we see no occasion to warrant reversal under Blue. Birmingham Electric Co. v. Guess, 222 Ala. 280, 131 So. 883, headnote 6.

Therefore, the judgment below will be

Affirmed.

JOHNSON, J., having been Circuit Solicitor on bringing of the indictment, recuses self.