267 So.2d 533

**Albert M. AYERS IV**

**v.**

**STATE.**

**8 Div. 165.**

Court of Criminal Appeals of Alabama.

Oct. 3, 1972.

No brief from appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

TYSON, Judge.

The indictment charges that Albert Martin Ayers IV, unlawfully and intentionally, but without malice, killed Johnny F. Beal by running upon, over, and against him with an automobile. The jury returned a verdict of guilty of manslaughter in the second degree. Judgment fixed punishment at nine months in the County Jail.

It appears from the evidence that one Johnny Beal, a man seventy years of age, was killed as a result of an automobile collision on an Alabama highway on Georgia Mountain, Marshall County, Alabama. There were no eyewitnesses to the incident.

As witness for the State, Marshall County Patrolman W. L. Colbert testified that on October 5, 1970, he investigated an automobile accident wherein Johnny F. Beal was fatally injured. Colbert testified that he arrived at the scene about fifteen minutes after the collision, and that he observed two wrecked automobiles; that the deceased's car was on the right hand side of the road, facing north, and appellant's car was on the left hand side of the road, also facing north.[1] He observed the automobile of deceased and deceased's body therein. It was his opinion at the time that Mr. Beal was dead. According to Colbert, the appellant was still sitting, effectively trapped, in his own car.

Colbert stated that during the interval between the time he arrived at the scene of the accident and the time an ambulance arrived some ten or fifteen minutes later, he talked to appellant and noticed that appellant's breath smelled of alcohol. However, Colbert had no opinion as to whether appellant was then intoxicated.

With reference to the condition of the automobiles, Colbert testified that he found the appellant's car "smashed in the left front," and deceased's car was damaged "on the left side near the door, with broken glass." Colbert testified that he measured ninety feet of skid marks, attributed to appellant's car, which were on the left hand side of the road going north,[2] and that based on the skid marks he observed and the location and appearance of the deceased's car, the deceased's car had been turned around from the way it was originally headed.

At the district attorney's request, Colbert then proceeded to sketch out for the jury's benefit exactly what he observed at the scene of the accident, including the condition of the road, the position of the cars, and the location of the skid marks.

Robert M. Paterson, another Marshall County patrolman, testified as to his investigation at the scene. He stated that he smelled the odor of alcoholic beverages in the appellant's car, and further that appellant's breath smelled of alcohol.

Dr. Vann Pruitt, State Toxicologist, after being duly qualified, testified as to his analysis of a sample of the appellant's blood taken shortly after the homicide occurred. The specimen contained 0.15% ethyl alcohol, which, according to Dr. Pruitt, was sufficient to cause impairment of judgment, coordination and reflexes, and consequently would impair him in any function requiring skill or judgment.

A blood sample was also taken from the body of deceased to determine alcoholic content; none was found.

Dempsey Hibbs, Coroner, attributed cause of death to a crushed chest, a concussion of the head, and a broken neck.

I

The sufficiency of the State's evidence was tested by motion to exclude, and motion for new trial, both overruled by the trial court.

■ Manslaughter in the second degree has been aptly defined in White v. State, 37 Ala.App. 424, 69 So.2d 874, as follows:

" 'Manslaughter in the second degree is defined as the unlawful killing of another human being, without malice and

---

1. Conflicting testimony appears in the record, page 19, wherein Colbert stated that the deceased's car was on the right hand side of the road, travelling *south*.

2. On cross-examination, at page 32, Colbert stated that the skid marks started on the right side of the road or near the center and angled off onto the other side of the road.

without the intent to kill or to inflict the injury resulting in death, but accidentally committed by the accused while he was doing an unlawful act amounting to a misdemeanor, or accidentally committed by the accused while he was doing a lawful act, but in a grossly negligent or improper manner.' Jones v. State, 21 Ala. App. 234, 109 So. 189, 191. See also, Wilson v. State, 32 Ala.App. 591, 28 So.2d 646; Lightfoot v. State, 33 Ala. App. 409, 34 So.2d 614; Massengale v. State, 36 Ala.App. 195, 54 So.2d 85."

We deem it unnecessary to further outline the evidence which tended to prove appellant's guilt. Suffice it to say that there is evidence appearing in the record from which the jury could reasonably infer that the appellant was doing an unlawful act, i. e., driving under the influence of intoxicating liquors, resulting in the death of deceased. This clearly made a case for the jury, and was sufficient to warrant a conviction of manslaughter in the second degree. Barnett v. State, 27 Ala.App. 277, 171 So. 293; Holt v. State, 26 Ala.App. 223, 157 So. 449; Curlette v. State, 25 Ala. App. 179, 142 So. 775.

## II

Officer Colbert testified that upon his arrival at the scene, approximately fifteen minutes after the accident occurred, he smelled alcohol on appellant's breath and in his vehicle.

Counsel for appellant urged on motion for new trial that the trial court erred in allowing this evidence since appellant could have had access to alcohol during the intervening period between the offense and the point in time when alcohol was smelled on appellant's breath.

■ The appellant's condition as to sobriety was a material inquiry in the case. Clearly the State was entitled to prove the accused's degree of intoxication at the time of the alleged offense as tending to show his mental and physical condition, and therefore his conduct at such time. Porter

v. State, 135 Ala. 51, 33 So. 694; Ballard v. State, 25 Ala.App. 457, 148 So. 752.

■ It is equally well settled that it is not permissible to show that the accused was under the influence of alcohol a substantial period of time after the commission of an offense, unless it is shown first that the accused had no access to alcohol between the time of the offense and the time he was observed. Moates v. State, 40 Ala. App. 234, 115 So.2d 277; Gamble v. State, 36 Ala.App. 581, 60 So.2d 696.

In Montgomery v. State, 44 Ala.App. 129, 203 So.2d 695, the Court, per Cates, J., stated:

"On the other hand, it is permissible to show by a late arriving witness that the defendant was drunk in his presence, provided the State *also* shows that the surrounding circumstances are such as to preclude the possibility of appellant drinking after the accident. . . ."

■ The evidence in the present case tends to show that about fifteen minutes elapsed from the time of the incident until Officer Colbert arrived on the scene, that the appellant was injured and still seated alone in his automobile, *effectively trapped*, at the time of the first officer's arrival, and that no alcoholic beverages were found in or around appellant's car.

To infer that the appellant could have had access to alcohol during this period of time, and under the existing conditions (with emphasis laid upon the fact that appellant was effectively trapped in his own vehicle), would require that common sense be laid aside. Montgomery v. State, supra.

Under these circumstances we do not feel that the trial judge erred in allowing the officer to relate to the jury observations he made so soon after the collision. Gills v. State, 35 Ala.App. 119, 45 So.2d 44; Landham v. Lloyd, 223 Ala. 487, 136 So. 815; Gladden v. State, 36 Ala.App. 197, 54 So.2d 607.

## III

Appellant made the same contention on motion for new trial with respect to Officer Paterson's testimony. The record disclosed the following:

"Q Mr. Patterson, in your experience as a highway parolman have you become familiar with the smell and the odor of alcoholic beverages?

"A Yes, sir.

"Q On that occasion there did you look into or get an odor from the car of the defendant on that occasion?

"A Yes, sir, I did.

"Q In your opinion, what did you smell?

"A Smelled the odor of alcoholic beverages coming from the car.

"Q Odor of alcoholic beverages coming from that car?

"A Yes, sir.

"Q Now, did you see the defendant a little later?

"A Yes, sir, I did.

"Q Where did you see him?

"A At the parking lot behind the Guntersville Hospital.

"Q Did you smell his breath?

"A Yes, sir, I did.

"Q What did it smell like?

"A He had a smell of alcoholic beverages on him.

"MR. BEARD: I'm going to object and move to exclude it, Your Honor.

"THE COURT: Overruled.

"MR. CONWAY: That's all."

■ Officer Paterson did not arrive at the scene until about an hour or more after the incident occurred. Consequently, had a proper objection been interposed, it is most probable that his observations relating to appellant's alcoholic condition would have been inadmissible into evidence as being too remote in point of time to form a part of the res gestae. Rainey v. State, 31 Ala.App. 66, 12 So.2d 106. However, no timely objection having been interposed to this question, that issue has not been preserved for our review. Where no objection to a question is made, an answer responsive to the question is not open to objection, Connor v. State, 19 Ala.App. 444, 98 So. 482, or motion to exclude, Tillis v. State, 10 Ala.App. 16, 64 So. 527; Craven v. State, 22 Ala.App. 39, 111 So. 767.

## IV

■ As a further ground in support of his motion for a new trial, appellant asserts that the trial court erred in allowing witnesses to remain in the courtroom during the prosecutor's opening argument after the rule requiring witnesses to be separated and kept out of the courtroom had been invoked.

It does not appear from the record who these witnesses were, or whether in fact they were actually called upon to testify, or that such witnesses heard any testimony offered at trial. In any event, these circumstances fall within the ambit of the general rule as set out in Moulton v. State, 19 Ala.App. 446, 98 So. 709:

"The court did not err in permitting the state to examine Tom Cauley. The rule was invoked and the witnesses were required to leave the courtroom and remain out of hearing of the trial until called. This witness violated the rule by remaining in the courtroom. Where all witnesses have been ordered under the rule, and one witness remains in court, and listens to the evidence, the court has discretion to allow him to testify or not, and its ruling is not reviewable. Thorn et al. v. Kemp et al., 98 Ala. 417, 13 So. 749."

## V

■ During the course of the trial, several arguments arose between the two attorneys relating to the admissibility of evi-

dence which appellant argues worked to his prejudice. However, in view of the trial judge's numerous and timely instructions to the jury to consider only legal evidence presented, and that the remarks and arguments of counsel were not legal evidence, we find no prejudice to appellant's substantial rights. Holt v. State, 26 Ala.App. 223, 157 So. 449.

As to the remaining objections to the trial court's rulings on the testimony offered, we have carefully considered each of them and find no error therein. Title 15, Section 389, Code of Alabama, Recompiled 1958. The judgment of conviction is due to be and is hereby

Affirmed.

All the Judges concur.