PER CURIAM.
The appellant was indicted on a charge of grand larceny, found guilty as charged by a jury in the circuit court of Cullman County, and sentenced to seven years in the penitentiary. Her motion for a new trial was overruled and she appealed to this Court.
The appellant was represented in the trial court by counsel of her choice and is so represented now. This cause was submitted on briefs.
Appellant insists that the lower court committed prejudicial error in overruling her motion for a mistrial, and her motion for a new trial on grounds that the District Attorney in his closing argument to the jury made a statement not supported by the evidence which statement was: that the appellant was drinking with her husband. The appellant claims that this statement was so prejudicial that it could not be eradicated from the mind of the jury.
In the record before us we find that immediately before the arguments of the attorneys to the jury started the following occurred:
“THE COURT: Okay, Gentlemen, you have heard the evidence in this case. Now, as I told you earlier, now is the time for you to hear the closing arguments of the attorneys. They have a right to make a closing argument or a summation as they have heard it. They have a right to express to you their thoughts and their ideas and express their opinions to you about the evidence. But what the attorneys say, Gentlemen, is not evidence in the case. You heard the evidence here. You are to determine the evidence. You are the sole and exclusive judges of the evidence and the facts. So, bear that in mind as you hear the argument. They certainly wouldn’t misrepresent anything to you, but if there is a conflict you heard the evidence, you are the judges of the evidence in this case.
Mr. Bland, are you ready?”
During the closing argument of the District Attorney the following occurred:
“MR. POWELL: We object to that, ■there is no evidence in here that the Defendant—
MR. BLAND: Mrs. Witcher testified she did.
THE COURT: Let’s don’t get into any argument about the evidence.
MR. POWELL: Our objection to the statement that if she drinks or if they drink like the witnesses, plural, say they do. We object to that and say that there is no evidence in the case of any witnesses—
MR. BLAND: The Defendant herself testified that they went to the bootlegger this day, one of the days, that she testified about. Mrs. Witcher testified that she had never seen her drink much, I believe that was her words. If that is wrong, the jury heard what was right.
MR. POWELL: She didn’t say she drank when she said she went to the bootlegger’s, said she went with her husband to a bootlegger. There was no testimony there that she had' done any drinking. We think it is highly prejudicial and move for a mistrial.
THE COURT: The jury heard that.
MR. BLAND: I would request you to instruct the jury anything you see fit on his objection, because if I misstated the evidence, the jury heard it and I want you to tell the jury anything you want to about what I said.
THE COURT: Well, Gentlemen, as I told you earlier, the attorneys have a right to make a closing argument. They have a right to express their opinion about what the evidence was and maybe *793 some implication of the evidence, but what they say is not evidence. You heard the evidence in the case and you be the judges of what the evidence was and I charge you as I did before that the Attorneys’ statements are not evidence in the case. You recall the testimony as it relates to this particular aspect of the evidence, what was said, you recall that and you base your actions on what you heard, not what has been said by the Attorneys, by Mr. Bland or by the other attorney in this case.
Is that all right, Mr. Powell?
MR. POWELL: We move for a mistrial.
THE COURT: Denied.”
In Holt v. State, 26 Ala.App. 223, 157 So. 449, this Court held that there is no ironclad rule by which the prejudicial character of the improper remarks and arguments of counsel can be ascertained in all cases, much depends on the issues, parties, and the general circumstances of the particular case. We have reviewed the entire record and in view of the trial court’s instructions to the jury hold that it did not commit reversible error in overruling appellant’s motion for a mistrial, and her motion for a new trial. Ayers v. State, 48 Ala.App. 743, 267 So.2d 533; Cooper v. State, 42 Ala.App. 170, 157 So.2d 125; Holt v. State, supra, 26 Ala.App. 223, 157 So. 449.
There being no other rulings of the trial court complained of in appellant’s brief, we have examined carefully the entire record, and find from such examination that there is no error in the record prejudicial to the appellant.
The foregoing opinion was prepared by the Honorable Joseph J. Mullins, a retired Circuit Judge, serving as a Judge of this Court under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328, Act # 1051, 1973); his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.