Charles Watson Terry, Jr., was convicted in the Montgomery County Circuit Court for driving under the influence of alcohol, on appeal from his conviction for this same offense in the Montgomery Municipal Court. The appellant was sentenced to five weekends in jail and was ordered to pay a $1,000 fine plus court costs.
At approximately 11:00 p.m. on November 11, 1987, Terry drove his car out of the Ramada Inn parking lot on the Eastern By-pass in Montgomery and collided with a vehicle driven by Carol Ann Williams, who was trying to enter the parking lot from the service road that runs parallel to the by-pass.
Williams testified that, after the accident, the appellant got out of his car and was slow moving and sluggish. She also stated that he looked confused and that his speech was slurred. Karen Ann Williams, who was a passenger in the Williams vehicle, *Page 567 
testified that the appellant staggered and could not keep his balance. Montgomery Police Officer Michael Homberg testified that, when he arrived at the scene, he noticed a strong odor of alcohol on the appellant's breath, noticed him staggering and noticed his speech was also slurred. Homberg gave him a field sobriety test. Homberg testified that the appellant was unable to touch his right hand to his nose, balance on one leg, walk a straight line, recite the alphabet, or perform several counting exercises. He stated that the appellant told him that he had five drinks of scotch between 6:00 p.m. and 10:30 p.m. that evening.
Corporal Johnny Hanna gave the appellant a breathalyzer test at 11:50 p.m. that night. Terry's blood alcohol content was .15 percent.
 I
The appellant first contends that the trial court erred in denying his motion for a judgment of acquittal at the close of the City's case. The appellant apparently argues that the City's evidence was insufficient because there was no showing that the appellant was intoxicated while driving, as required by § 32-5A-191, Code of Alabama 1975. This argument has no merit. A driver's intoxicated condition after an automobile accident is a fact from which the jury may infer that he was driving while in an intoxicated state. Bickerstoff v. State,516 So.2d 800 (Ala. 1987); Ayers v. State, 48 Ala. App. 743,267 So.2d 533 (1972).
The appellant also argues that, since the breath test was given at 11:50 p.m. and the appellant stated that he had his last drink at 10:30 p.m., the City failed to relate the breath test to the time of the offense and such failure required the trial court to grant a verdict of acquittal. The appellant apparently relies on Corporal Hanna's testimony that he did not know what the appellant's blood alcohol content was at the time of the offense. This argument also has no merit. "Where there is evidence from which the jury may by fair inference find the defendant guilty, the trial court should submit the case to the jury to determine the weight it will give the evidence and this court should not disturb the verdict." Giles v. State,440 So.2d 1237, 1239 (Ala.Cr.App. 1983); Lofton v. State,371 So.2d 988 (Ala.Cr.App. 1979).
The weight given to the results of the breathalyzer test was a question for the jury. "A verdict of conviction will not be set aside on the ground of insufficiency of the evidence, unless allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince this court it was wrong and unjust." Wilbourn v. State, 457 So.2d 1001, 1004
(Ala.Cr.App. 1984). See also Fletcher v. State, 460 So.2d 341
(Ala.Cr.App. 1984); Johnson v. State, 378 So.2d 1164
(Ala.Cr.App.), cert. quashed, 378 So.2d 1173 (Ala. 1979). We find no error in the trial court's denial of appellant's motion for judgment of acquittal.
 II
The appellant next contends that the trial court erred in restricting his cross-examination of Corporal Hanna in two instances. "[T]he range and extent of cross-examination of a witness is a matter within the sound discretion of the trial court, and if the trial court determined that a question is not on a material issue in the case or is irrelevant, this court should not reverse the determination, unless the record reveals a clear abuse of discretion by the trial court." Wesley v.State, 481 So.2d 1155, 1160 (Ala.Cr.App.), rev'd on othergrounds, Ex parte Wesley, 481 So.2d 1162 (Ala. 1985); See alsoBlackmon v. State, 449 So.2d 1264 (Ala.Cr.App. 1984); Renfroev. State, 382 So.2d 627 (Ala.Cr.App.), cert. denied,382 So.2d 632 (Ala. 1980). After a careful review of the record, we find that the trial court did not abuse its discretion in limiting such cross-examination. Furthermore, even if the appellant had demonstrated error, he failed to show that any error probably injured his substantial rights. A.R.A.P. 45.
It should be noted also that an investigating officer may give his opinion as to the sobriety of the accused in a DUI case. See Grimes v. State, 491 So.2d 1053 (Ala.Cr.App. 1986). *Page 568 
 III
The appellant finally contends that the court erred in admitting the results of the breathalyzer test because, he says the City did not lay the proper predicate. This argument likewise has no merit.
 "Section 32-5A-194, Code of Alabama 1975, allows the admissibility of evidence of the amount of alcohol or controlled substance in a person's blood, urine, breath, or other bodily substance. A proper predicate must be laid for the admissibility by showing first, that the law enforcement agency has adopted the particular form of the testing that was in fact used. Second, there must be a showing that the test was performed according to methods approved by the State Board of Health. This may be proved by the introduction of the rules and regulations the officer followed while administering the test and the officer's testimony that he did, in fact, follow those rules when he administered the test in question. Third, there must be a showing that the person administering the test has a valid permit issued by the State Board of Health for that purpose." Ex parte Bush, 474 So.2d 168, 170
(Ala. 1985) (citations omitted).
See also Nagem v. City of Phenix City, 488 So.2d 1379
(Ala.Cr.App. 1986). The courts may take judicial notice of the rules and regulations promulgated by the State Board of Health, thereby fulfilling the first prong of the second requirement ofBush. Vizzina v. City of Birmingham, 533 So.2d 652 (Ala.Cr.App. 1987), aff'd, 533 So.2d 658 (Ala. 1988). After carefully reviewing the record, we find that all three requirements for the admission of the test results were satisfied at trial.
For the reasons stated above, this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.