McMILLAN, Judge.
The appellant was convicted of driving under the influence and speeding in the Municipal Court of Orange Beach, Alabama. He was fined $350, plus court costs of $34. He appealed to the Circuit Court of Baldwin County, where he was found guilty and was sentenced to seven days’ imprisonment in the Orange Beach jail. He was further ordered to pay a fine of $350.
The appellant argues that the City of Orange Beach abandoned its prosecution in the circuit court, by failing to timely file the complaint, in violation of § 12-14-70(d), Code of Alabama 1975.
According to § 12-14-70(d), Code of Alabama 1975:
“When an appeal has been taken, the municipality shall file the notice and other documents in the' court to which the appeal is taken within 15 days, failing which the municipality shall be deemed to have abandoned the prosecution, the defendant shall stand discharged and the bond shall be automatically terminated.”
The record indicates that the appellant filed his notice of appeal on August 10, 1989. The record further indicates that the complaint was filed in the Circuit Court of Baldwin County on October 19, 1989. The prosecutor for the City of Orange Beach, in response to the appellant’s argument, cites Sanders v. City of Birmingham, 542 So.2d 325 (Ala.Cr.App.1988), for the proposition that the filing of the Uniform Traffic Ticket and Complaint, the court record, the report of the breath alcohol test, the notice of appeal, and- the appeal bond with the circuit court, within the 15-day period, is sufficient to meet the requirements of § 12-14-70(d).
The record indicates that the state filed a notice of appeal by the defendant for trial de novo on August 17, 1989, a week after the appellant filed his notice of appeal. This court has held that the failure to file a complaint within the 15-day time limit did not deprive the circuit court of jurisdiction, where the appeal bond was filed within the 15-day limit. Jefferson v. City of Birmingham, 399 So.2d 932, 932-34 (Ala.Cr.App.1981). See also Clarke v. City of Mobile, 357 So.2d 675, 678-79 (Ala.Cr.App.1978), cert. denied, 357 So.2d 680 (Ala.1978) (judgment on trial de novo is not rendered void where original complaint is not in record, as appeal bond gives the court to which appeal is taken jurisdiction); Chaney v. City of Birmingham, 246 Ala. 147, 151, 21 So.2d 263 (1944) (appeal bond suffices to give court to which appeal is taken jurisdiction). Because the state filed the appeal bond within the 15-day time period, the circuit court clearly had jurisdiction over this case.
Appellant argues that his rights to due process and a fair trial were violated when the trial court failed to allow him to cross-examine the officer, who administered the Intoxilyzer 5000 test, concerning the circumstances of the test, the workings of the machine, and “any aspects of the science.” The record indicates that the city introduced testimony concerning the results of the Intoxilyzer 5000 test, which was administered to the appellant; that the City of Orange Beach had adopted the In-toxilyzer 5000 as its method of determining the blood alcohol content; that the testing *1242 officer was certifiéd by the State Department of Forensic Sciences to operate the Intoxilyzer; and that the officer followed the procedure taught for administering the test by the State Department of Forensic Sciences. Thus, the test results were properly admitted pursuant to § 32-5A-194, Code of Alabama 1975.
On cross-examination, defense counsel attempted to ask the officer what the “presumption was in 1965 for blood alcohol content.” The city objected to the question on the grounds of relevance and the objection was sustained by the trial court. Defense counsel then, through voir dire examination, attempted to prove that the officer was not an expert on the mechanical functioning of the Intoxilyzer. According to § 32-5A-194(a)(l), Code of Alabama 1975, the person conducting the chemical analysis must have a valid permit issued by the Department of Forensic Sciences for this purpose and “[t]he Department of Forensic Sciences is authorized ... to ascertain the qualifications and competence of individuals to conduct such analyses, and to issue permits which shall be subject to termination or revocation at the discretion of the Department of Forensic Sciences.” Moreover, that subsection states that the Department of Forensic Sciences may approve such a permit only for a member of the state highway patrol, sheriff or his deputies, city policemen, and laboratory personnel employed by the department. Thus, the Department of Forensic Sciences is statutorily authorized to determine whether an individual is qualified and competent to conduct these chemical tests and, because the testing officer in the present case was shown to have a valid permit from the Department of Forensic Sciences, it was proper for him to conduct the test. No further expertise by the officer was required.
A trial court is vested with wide discretion in controlling the scope of cross-examination and, absent a showing of gross abuse of discretion, the trial court’s determination will not be reversed. Terry v. City of Montgomery, 549 So.2d 566 (Ala.Cr.App.1989). We find no such abuse of discretion in the present case.
AFFIRMED.
All judges concur.