21 So.2d 289

## ROBERTS v. STATE.

4 Div. 857.

Court of Appeals of Alabama.

Jan. 23, 1945.

Rehearing Denied Feb. 13, 1945.

Certiorari denied by Supreme Court in Roberts v. State, 246 Ala. 501, 21 So.2d 291.

W. L. Lee and Alto V. Lee, III, of Dothan, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The conflicting evidence in this case presented questions for the determination of the jury. There is no dispute, however, as to the fact that Joseph Clifford Armstrong was killed as result of a collision of the automobile in which he was travelling, with a car driven at the time by this appellant. Deceased's injuries as a result of said collision were described by the attending physician as follows:

"Mr. Armstrong, when I first saw him, was in a semiconscious condition and soon lapsed into unconsciousness. He had a deep wound on his left temple extending above his left eye, also two deep lacerations or two deep cuts in the left side of his jaw and on to his chin. Both of them, were bleeding rather profusely. He had a cut on the left knee. I repaired those and Mr. Armstrong went into a deeply unconscious condition from which he never roused, and he died November 9, probably from a fractured skull and hemorrhage.

"Q. Was his death caused by the injuries that he had? A. Yes, sir."

The collision referred to happened, as shown by all the testimony, at about six or six-thirty o'clock on the day in question, and the testimony of several witnesses tended to show that at and from four o'clock that afternoon and up until the time of the collision, the appellant (defendant) was intoxicated and drunk. Further, that the defendant was driving his car without lights and on the wrong side of the highway. The defendant testified to the contrary. This conflict in the testimony, as stated, made a jury question and no error prevailed in the action of the court in submitting the case to the jury. There is no phase of this case that would entitle the accused to the affirmative charge which was requested in writing. There was no error in the refusal of said charge.

Pending the trial several exceptions were reserved to the rulings of the court upon the testimony. No error of a reversible nature appears in this connection. Each of said exceptions has had our consideration, and we find, as stated, that in no instance has the substantial rights of

22

the accused been impaired. Especially is it true as to the statement made by the court relative to the location of the ice house. This matter had nothing to do with the real issues involved upon the trial and the insistence of appellant's counsel is clearly without merit. Sup.Ct.Rule 45.

This case was properly tried and no error is apparent in any ruling of the court.

The foregoing has reference to the judgment of conviction which is hereby affirmed.

■ We note, however, the court in sentencing the defendant to hard labor for the county to pay the costs failed to comply with the required rule so often announced. As this appears in the judgment entry it reads: "The defendant failing to pay the fine of $300.00 and cost or confess judgment therefor as provided by law the defendant is hereby sentenced to 90 days hard labor for the county of Henry to pay said fine of $300.00 and to an additional number of days to pay said cost."

■ The statute provides, if on conviction judgment is rendered against the accused that he perform hard labor for the county, and if the costs are not presently paid or judgment confessed therefor, as provided by law, then the court may impose additional hard labor for the county for such period, not to exceed ten months, as may be sufficient to pay the costs, at the rate of seventy-five cents per day, *and the court must determine the time required to work out such costs at that* rate. Alabama Digest, Criminal Law, ⊖1188.

Affirmed. Remanded for proper sentence.