210

65 So.2d 821

**GILL v. STATE.**

3 Div. 955.

Court of Appeals of Alabama.

June 2, 1953.

W. Clarence Atkeison, Prattville, and J. B. Atkinson, Clanton, for appellant.

Si Garrett, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., and Thos. M. Haas, Montgomery, of counsel, for the State.

CARR, Presiding Judge.

In the court below the accused was convicted of manslaughter in the second degree.

The dead body of Leslie Manning was found on a highway in Autauga County, Alabama. The bodily injuries indicated to a degree of certainty that he had been run over by a truck or an automobile and death resulted on this account.

The State was unable to produce any witnesses who saw the collision or who could give any facts relating to the circumstances incident to the immediate occurrence.

Prior to the trial below, and also as a witness in his own behalf, the defendant denied that he ran over the deceased. The only evidence which tended to establish that he did was some particles of thread or cloth which were found beneath the body of the defendant's automobile and some indentations on the car.

The state toxicologist testified that these were of the same fiber as that found in the garments worn by the deceased when he was injured.

If we assume that this presented a factual inquiry for the determination of the jury on the question of the identity of the automobile which struck the deceased, we are left without evidence to establish the circumstances incident to the fatal injury or who was driving the automobile at the time.

When the State rested in the introduction of its evidence in chief, appellant's coun-

sel made a motion to exclude the evidence. Terry v. State, 29 Ala.App. 340, 197 So. 44; Denson v. State, 32 Ala.App. 554, 28 So.2d 174. This motion was overruled.

The sufficiency of the evidence to sustain the charge in the indictment and the judgment of conviction was also presented by the request for the general affirmative charge and a motion for a new trial.

█ "Manslaughter in the second degree is defined as the unlawful killing of another human being, without malice and without the intent to kill or to inflict the injury resulting in death, but accidentally committed by the accused while he was doing an unlawful act amounting to a misdemeanor, or accidentally committed by the accused while he was doing a lawful act, but in a grossly negligent or improper manner." Jones v. State, 21 Ala.App. 234, 109 So. 189, 191. See also, Wilson v. State, 32 Ala.App. 591, 28 So.2d 646; Lightfoot v. State, 33 Ala.App. 409, 34 So.2d 614.

██ It is well established that a conviction in a criminal case cannot rest on surmise and conjecture. Under the evidence in the case at bar it would be pure conjecture to conclude that the appellant ran his car over or against the deceased in such a manner as to constitute the offense of manslaughter.

In the fairly recent case of Massengale v. State, Ala.App., 54 So.2d 85, 86 [1], we had before us for review a factual situation in some aspects very much like that presented by the instant appeal. The evidence, without question, sustained the State's contention that the accused killed the pedestrian by running a truck over or against him. As in the case at bar, there was no proof that the driver of the truck was violating the law or guilty of gross negligence. We held that the defendant was due the general affirmative charge.

In the case at bar the evidence failed to sustain the charge for which the defendant was indicted.

The judgment below is ordered reversed and the cause remanded.

Reversed and remanded.

HARWOOD, J., concurs in conclusion.