324 So.2d 323

**Lorenzo SMITH**

v.

**STATE.**

**4 Div. 333.**

Court of Criminal Appeals of Alabama.

Dec. 9, 1975.

Rufus R. Smith, Jr., Dothan, for appellant.

William J. Baxley, Atty. Gen., and Sarah M. Greenhaw, Asst. Atty. Gen., for the State, appellee.

BOOKOUT, Judge.

Second degree manslaughter; sentence: six months hard labor for Houston County and a fine of $500.00.

The State's evidence was that on November 1, 1974, at approximately 7:30 P. M., on State Highway 123 in Houston County, Alabama, the automobile driven by the appellant, Lorenzo Smith, collided with the automobile driven by Roy Lee Sorrells, resulting in the death of James Radford Sorrells, a passenger in the latter car. No direct testimony was given by any State witness as to how the accident occurred, however, the three passengers in the Sorrells car each testified that they saw no headlights of any kind before the accident.

Roy Lee Sorrells testified that just prior to the accident, he was driving on the right side of the road; he did not swerve to the left side at all; he was not driving at an excessive speed; and he had not been drinking. It was dark and as he drove, he was watching the road ahead of him, and did not see another car, nor did he see any headlights. The next thing he remembered was awaking in the hospital. Both Pauline Sorrells and Vera Sorrells testified to substantially the same facts.

Trooper Johnny Norton, of the Alabama Department of Public Safety, testified for the State. His testimony was that he had investigated the accident. He described the location and condition of the automobiles and the position of the persons riding in each automobile. Trooper Norton properly identified four photographs marked as

Exhibits 1–4. When the State offered the four photographs into evidence, the defense made the following objection which was overruled:

"We object to two of these pictures. We don't see the relevancy of these two right here, unless the State is willing to show exactly how they are to prove its case. We understand the question of impact here, but we don't see the relevance of those two pictures."

On voir dire, Trooper Norton testified that he had talked to the appellant at Southeast General Hospital, after the accident. When Trooper Norton stated that the appellant was intoxicated, the defense stated that any evidence concerning intoxication of the appellant at that time should be inadmissible unless the State could show that he was observed from the time of the accident until his arrest. The prosecutor answered that the State was not going to offer evidence as to intoxication, but was going to offer a statement made by the appellant. Trooper Norton, on voir dire, testified that after he had advised the appellant of his *Miranda* rights, the appellant stated to him that he was driving the car involved in the accident and that he had been drinking. The defense objected, but the objection was overruled. When the jury returned, Trooper Norton again testified on direct examination as to the voluntariness of the statement made by the appellant, and as to giving the appellant his *Miranda* rights. Another objection was made, which was overruled, and the appellant's statement was related to the jury.

The last witness for the State, Frankie Ingram, testified that he was Coroner of Houston County and that upon arrival at the scene of the accident, he examined the body of James Radford Sorrells. Mr. Ingram testified that Sorrells died "due to cause from severe blows to the head, severe chest injuries and internal bleeding."

The State rested at this point, and the defense made a motion to exclude the State's evidence for failure to prove a prima facie case of gross negligence. The motion was overruled, and the defense called the appellant as its first witness.

The appellant testified that he remembered, on the evening of the accident, stopping in front of the driveway to the 123 Club, to turn in and that he was in the right lane. He testified on direct examination that he had consumed only two cans of beer around 4:30 P.M. or 5:00 P.M. on that date.

On cross examination, the appellant testified that he had actually consumed three cans of beer between 5:00 P.M. and 5:30 P.M., remembering that his brother-in-law had given him one at his house. On redirect, he stated that he was unconscious at the scene of the accident and that he did not regain his consciousness until later at the hospital. The appellant testified that he had consumed no alcoholic beverages from the time of the accident until the time of his arrest. He further stated that he had not started to turn into the 123 Club when the accident occurred.

Johnny Smith, appellant's brother, testified that he was a passenger in his brother's car when the accident occurred. He stated that at the time of the accident, the appellant had not crossed the center line of the highway. He further stated that the appellant had consumed no alcoholic beverages from the time he entered appellant's car until the time of the accident.

I

■ Appellant contends that the trial court should have granted his motion to exclude the State's evidence for failure to prove a prima facie case.

Manslaughter in the second degree has been defined in *Jones v. State*, 21 Ala.App. 234, 109 So. 189 (1926), as follows:

" 'Manslaughter in the second degree is defined as the unlawful killing of anoth-

er human being, without malice and without intent to kill or to inflict the injury resulting in death, but accidentally committed by the accused while he was doing an unlawful act amounting to a misdemeanor, or accidentally committed by the accused while he was doing a lawful act, but in a grossly negligent or improper manner.'"

That definition has been used in: *Wilson v. State*, 32 Ala.App. 591, 28 So.2d 646 (1947); *Garner v. State*, 34 Ala.App. 551, 41 So.2d 634 (1949); *Massengale v. State*, 36 Ala.App. 195, 54 So.2d 85 (1951); *Gill v. State*, 37 Ala.App. 210, 65 So.2d 821 (1953); *White v. State*, 37 Ala.App. 424, 69 So.2d 874 (1954), and *Ayers v. State*, 48 Ala.App. 743, 267 So.2d 533 (1972).

In a case very similar to the instant case, *Roberts v. State*, 32 Ala.App. 20, 21 So.2d 289 (1945), Presiding Judge Bricken stated:

"The collision referred to happened, as shown by all the testimony, at about six or six-thirty o'clock on the day in question, and the testimony of several witnesses tended to show that at and from four o'clock that afternoon and up until the time of the collision, the appellant (defendant) was intoxicated and drunk. Further, that the defendant was driving his car without lights and on the wrong side of the highway. The defendant testified to the contrary. This conflict in the testimony, as stated, made a jury question and no error prevailed in the action of the court in submitting the case to the jury. . . ."

The evidence appearing in the record presents three possible inferences, any one of which the jury could have determined was sufficient to warrant a conviction of manslaughter in the second degree. The first being that three State's witnesses testified that they saw no lights from the appellant's car. Here, the inference being that the appellant was driving without lights at night, amounting to an unlawful

and grossly negligent act. Additionally, an inference may be drawn from the evidence that the appellant turned left in front of Sorrells' oncoming car without giving a proper signal or yielding right-of-way. Thirdly, from the statement of Trooper Norton and the testimony of the appellant, it appears that he had been drinking some one and a half to two hours prior to the accident and had consumed three beers within a thirty minute period of time. The jury was the sole judge as to the weight to be given this evidence. The trial judge in his oral charge correctly stated the law as concerning intoxication and the making of an illegal turn.

The question of driving on a public highway while intoxicated or under the influence of alcohol was discussed by Judge Samford in *Broxton v. State*, 27 Ala.App. 298, 171 So. 390 (1936), wherein he stated:

"The taking of one or more drinks of intoxicating liquor would not of itself be sufficient to establish the fact of intoxication. The evidence must go further and show facts indicating a mental condition not normal and produced or brought about by the intoxicating liquor. When, therefore, an accident occurs on a public road in which a person is killed by being run over by an automobile, and it is shown that the driver has been drinking, it becomes a question for the jury to say, from all the facts and circumstances surrounding the homicide, whether or not the driver at the time of the accident was under the influence of liquor, and, if so, was that condition the proximate cause of the homicide. If these facts be proven to the satisfaction of the jury beyond a reasonable doubt, the crime of manslaughter in the second degree would be complete."

It is, therefore, this Court's opinion that there was no error committed by the trial court in denying appellant's motion to exclude the State's evidence. The statement of the appellant to Trooper Norton admitting that he had been drinking, the photo-

graph depicting two beer cans in the appellant's car, and the appellant's own testimony as to drinking three beers prior to the accident, is sufficient evidence from which the jury could reasonably infer that the appellant was committing an unlawful or grossly negligent act which resulted in the death of the deceased. Coupled with the probability of an illegal turn and the absence of headlights on the appellant's car, the jury had sufficient evidence upon which to base their verdict of guilty. *Evans v. State*, 36 Ala.App. 145, 53 So.2d 764 (1951); *Barnett v. State*, 27 Ala.App. 277, 171 So. 293 (1936); *Holt v. State*, 26 Ala. App. 223, 157 So. 449 (1934); *Curlette v. State*, 25 Ala.App. 179, 142 So. 775 (1932); *Ayers v. State*, supra.

II

The appellant contends that the trial judge was in error for admitting two of the photographs into evidence.

The four photographs in question were used by Trooper Norton during his testimony. He properly identified the photographs, authenticated them, and used them to illustrate parts of his testimony. No objection was made until they were offered into evidence. The objection, hereinabove set out, is based upon the ground that two of the photographs were irrelevant. Appellant failed to state which exhibit numbers he considered to be irrelevant. Appellant's objection to "two of these pictures," does not apprise this Court of which two pictures he finds objectionable. Such an objection is insufficient to put the trial court in error. Properly authenticated photographs are admissible if they tend to shed light on, strengthen, or illustrate other testimony given. *Layne v. State*, 54 Ala.App. 529, 310 So.2d 249 (1975); *McKee v. State*, 253 Ala. 235, 44 So.2d 781 (1950).

Affirmed.

All the Judges concur.