# CASES

# SUPREME COURT OF ALABAMA.

## NOVEMBER TERM, 1906-1907.

## Grisham *v.* The State.

### *Assault with Intent to Murder.*

(Decided June 30th, 1906. 41 So. Rep. 997.)

1. *Criminal Law; Appeal; Instructions; Exceptions in Gross.*—An exception to the whole of the court's oral charge, where the same consisted of several paragraphs, is not sustained, unless the whole charge is bad.

2. *Same; Instructions; Duty to Request.*—The fact that the court had failed to charge on all the offenses embraced in the indictment, cannot be taken advantage of in the absence of requested specific instructions covering ·such matter.

3. *Same; Charge; Construction.*—Although a charge in a criminal case consists of separate paragraphs, it must be construed as a whole.

4. *Homicide; Instruction.*—A charge asserting that intent to take the life of the person assaulted was an essential element of the offense, and that unless, if the intent had been· consummated, the offense would have been ·murder, there could be no conviction of a felony; that where there is an assault, the guilt or innocence of the felony necessitates the inquiry, if death had ensued, whether the offense would have been murder, and hence, if there was no intent to murder deceased, but defendant shot to defend himself against an assault endangering his life or which put him in danger of great bodily harm, defendant was not guilty, was bad in form and misleading in not stating the conditions authorizing the conclusion that the defendant acted in self defense.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. JOSEPH H. NATHAN.

The defendant was indicted, tried, and convicted of assault with intent to murder Oscar Thornton. The evidence tended to show that defendant shot Thornton with a pistol in a difficulty growing up out of the fact that defendant had run away with Thornton's sister and married her. The evidence for the defendant tended to show that Thornton commenced the difficulty, and that while both were on the ground scuffling defendant's pistol fell out of his pocket. That when this happened Thornton jumped up and made as if to draw something from his pocket, when defendant grabbed up his pistol and fired. Also tended to show that threats had been made by Thornton against the defendant. The oral charge of the court is set out in full in the transcript and relates only to the offense charged in the indictment. The exception to the charge seems to be that the court either failed or refused to charge as to assault and battery and simple assault. Several paragraphs of the written charge are not necessary here to be set out because not treated of in the opinion. The defendant requested the following written charge which was refused: "(1) The essential element of the statutory offense of an assault with intent to murder—that which converts it into a felony—is the intent to take the life of the person assaulted. Unless if the intent had been consummated, the offense would have been murder in one or the other of its degrees, there can be no conviction of the felony. Where there is evidence of the assault, as in this case, the determination of guilt or innocence of the felony necessitates the inquiry if death had ensued would the offense have been murder. If, therefore, the jury find from the evidence that there was no intent to murder Thornton on the part of the defendant, but that he shot to defend himself against assault endangering his life, or which put him in danger of great bodily harm, you will render a verdict of not guilty of the charge of an assault with intent to murder."

EMMETT O'NEAL, for appellant.—The court erred in failing to charge the jury as to all the offenses embraced in the indictment. This rendered it necessary to find that the defendant was guilty as charged or to acquit and con-

sequently withdrew from the jury their discretion to, find for a lower grade of the offense.—*Gafford v. The State,* 125 Ala. 9; *Edgar v. The State,* 43 Ala. 312; *Beasley v. The State,* 50 Ala. 149; *Swoope v. The State,* 115 Ala. 42; *Brown v. The State,* 109 Ala. 70; *Evans v. The State.* The court erred in his written charge in not requiring that the evidence must convince beyond all reasonable doubt before there could be a conviction.—*Brown v. The State,* 39 So. Rep. 719. Premeditation is an essential element of assault with intent to murder.—*Smith v. State,* 141 Ala. 59. The court also omitted an essential element in leaving out the intent to take the life of the person assaulted.—*Lawrence v. The State,* 84 Ala. 424; *Meredith v. The The State,* 60 Ala. 441. The oral charge also misplaced the burden of proof.—*Brown v. The State,* 39 So. Rep. 719; *McDaniel v. The State,* 76 Ala. 1; *Keith v. The State,* 97 Ala. 32.

MASSEY WILSON, Attorney-General, for State.—The exception to the general charge of the court is unavailing unless it is bad in all parts.—*Postal Co. v. Hulsey,* 132 Ala. 444; *Austin v. The State,* 109 Ala. 51. The defendant should have made written request for instructions on any phase of the case the court did not charge on.— *Fuller v. The State,* 97 Ala. 27. But the evidence warranted only finding of guilt as charged or innocence by reason of self-defensce. So the court was under no duty to charge as to any other thing.—*Gafford v. The State,* 125 Ala. 1; *Williams v. The State,* 130 Ala. 107; *Hunt v. The State,* 135 Ala. 1.

HARALSON, J.—The defendant excepted to the oral charge of the court as a whole. It consisted of several paragraphs, each of which was not bad, which must be the case, to condemn the whole charge.—*Postal Tel. Co. v. Hulsey,* 132 Ala. 461, 31 South. 527.

The exception to the charge as a whole was, "that the court had failed to charge on all the offenses embraced in the indictment." The court cannot be put in error for a mere failure or refusal to instruct orally upon a certain

conceived phase of the testimony. The defendant should have requested specific instructions good in point of law and appropriate to the evidence.—*Williams v. State*, 147 Ala. 10, 41 South. 882.

It is familiar, that in a charge of the court consisting of several paragraphs, they must all be construed together, and when thus construed, they are a proper declaration of the law applicable to the whole testimony, such charge is not erroneous, though parts of it standing alone might be subject to criticism.—*R. & D. R. Co. v. Weemes*, 97 Ala. 270, 12 South. 186; 2 Mayfield's Dig. 561, § 15.

The defendant, after the delivery of this charge, excepted to several designated portions of it, disconnected from the entire charge, as though such designated portions were separate and independent charges. They could not be thus wrested from the entire charge unexplained by the other portion of it. Without the context and the light shed upon these portions of the charge, to which exceptions were reserved, and taken separately as defendant's counsel propose to do, some of them would be erroneous statements of law; but when the whole charge is read and construed together, we have been unable to agree to the criticisms made on its several parts.

Charge 1, requested by the defendant, and refused was bad in form. If the jury should have desired to acquit as to the highest grade of felony charged and to convict of a lower grade, the proper verdict would not have been that which the charge required. It was also misleading in dealing with self-defense, without properly stating the conditions authorizing the conclusion that defendant acted in self-defense.

Affirmed.

WEAKLEY, C. J., and SIMPSON and DENSON, JJ., concur.