# White *v.* The State.

*Manslaughter.*

(Decided May 22, 1913. 62 South. 454.)

1. *Jury; Venire; Motion to Quash.*—Under Acts 1909, p. 320, a venire cannot be quashed because of a mistake in the name of a juror drawn and summoned; in this instance, no harm accrued to defendant because of the mistake, as the court required the state to exercise one of its challenges in eliminating the name of such juror.

2. *Homicide; Retreat; Duty; Burden of Proof.*—The state does not have the burden of. showing, in a homicide case that defendant could have retreated without increasing his peril.

3. *Charge of Court; Oral Charge; Instruction.*—The oral charge must be considered as a whole, and if when so considered, it is a fair and correct statement of the law, error cannot be predicated upon isolated portions thereof, which may be incorrect.

4. *Same; Covered by Those Given.*—It is not error to refuse requested charges substantially covered by written instructions given.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

John White was convicted of manslaughter, and he appeals. Affirmed.

F. A. GAMBLE, for appellant.   No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

PELHAM, J.—The defendant was tried on an indictment charging murder in the first degree, and was convicted of manslaughter in the first degree, and appeals.

The record shows that the court made the proper order directing the sheriff to serve the defendant with a copy of the indictment and venire, and the defendant's motion to quash the venire based on this ground was properly overruled.

The court was not in error in overruling the defendant's motion to quash the venire because it appeared that Marion S. New had been served and was in attendance as a regular juror to serve under the name of Marion S. Nero, whose name appeared on the venire, for it is affirmatively shown that the defendant received the full benefit of the venire to which he was entitled under the law, from which to strike in selecting the jurors to try his case, as the court required the state to use one of its strikes in eliminating the name of Marion S. Nero from the venire, and under the ruling in *Costello's Case,* 176 Ala. 1, 58 South. 202, no injury resulted to the defendant, for he still received all of the benefits to which he was entitled under the statute.

Nor would it be a ground to quash the venire because of a mistake in the name of any juror drawn or summoned.—Acts 1909, § 32, p. 320.

The judgment entries show a proper order setting the case for trial and orders of continuance from time to time until the day of the trial without break or intermission, and there is no merit in defendant's objection

to being put on trial because of a failure of the court to make the proper order setting the case for trial, or make proper orders of continuance. We are not furnished with argument or brief pointing out the reliance of defendant upon any error or errors committed on the trial, and a careful examination of the record shows that the court ruled correctly in regard to the admission and rejection of evidence, and as they are clearly not erroneous in any particular we do not deem that a discussion of these rulings would result in any proper or beneficial purpose.

The oral charge of the court construed as a whole, as it should be (*Grisham v. State,* 147 Ala. 1, 41 South. 997; *McMurphy v. State,* 4 Ala. App. 20, 58 South. 748), is a fair and correct statement of the law applicable to the facts, and we find the portions to which exceptions were reserved free from reversible error when considered in connection with the entire charge.

The refused charges which are not fully covered by the numerous given charges seem principally to be asked on the theory that the burden of proof is on the state to prove that the defendant could have retreated without increasing his peril. This is not the law.— *Holmes v. State,* 100 Ala. 80, 14 South. 864; *Linehan v. State,* 113 Ala. 70, 21 South. 497; *Compton v. State,* 110 Ala. 24, 20 South. 119. The correct propositions of law that are contained in charges refused to the defendant are all more than covered in the charges given at his request.—*Cook v. State,* 5 Ala. App. 11, 59 South. 519.

A thorough examination of the record shows no reversible error, and convinces us that the defendant was accorded a fair trial and had the advantage of everything to which he was entitled. The judgment of the circuit court is affirmed.

Affirmed.