# Mullens *v.* The State.

## *Perjury.*

(Decided April 8, 1915.   68 South. 533.)

1. *Perjury; Evidence; Res Gestae.*—Where the prosecution was for perjury, alleged to have been committed in testimony given before the grand jury, it was competent to show that after the defendant first made the false statement, members of the grand jury cautioned him to remember that he was then under oath, and reminded him of the penalty for false swearing, as tending to show that the defendant did not make the false statements inadvertently, but willfully and corruptly, and also as a part of the res gestæ.

2. *Appeal and Error; Curing Error.*—Where the indictment conjunctively charged, in one count, that the defendant falsely swore that he was not present, and did not see a pistol which another was carrying, error in charging that a conviction could be had if the jury found that the defendant swore falsely as to either of those statements, was cured where the court subsequently instructed them that the court was in error in so charging and that they must find that defendant swore falsely as to both of such statements before they could convict.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

John Mullen was convicted of perjury, and he appeals. Affirmed.

See also 11 Ala. App. 279, 65 South. 1037.

JACKSON & DeLONEY and KIRK, CARMICHAEL & RATHER, for appellant. Counsel discuss the errors assigned as to the admission of evidence, but without citation of authority. They insist that the court erred in refusing charge "DD" § 7543, Code 1907, and authority there cited. The court also erred in refusing charge 100. —*Carroll v. The State,* 130 Ala. 99; *Bell v. The State,* 115 Ala. 25.

WILLIAM L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

THOMAS, J.—Defendant was charged with perjury, in that he, as a witness before the grand jury, having under investigation a charge against Josh Booker for carrying a pistol in violation of law, willfully and corruptly swore falsely before said grand jury that he was not present with and did not see said Josh Booker on the occasion it was charged that said Booker carried said pistol concealed about his person or on premises not his own. Two witnesses for the state testified to seeing the defendant with Booker at the time, and that Booker then pulled the pistol out of his pocket and waved it aloft over his head in the presence of the defendant, who was his sole companion at the time. One of these witnesses was a member of the grand jury before whom defendant was called to testify in the investigation of that charge, and he swore that defendant testified before the grand jury that he (defendant) was not present with said Booker at the time, and did not see either him or the pistol. The state was then permitted, over defendant's objection, to show that the witness and others, as members of the grand jury, did, in then further interrogating the defendant with respect to the matter, caution him that he was under oath, and remind him of the penalty for false swearing, and that, even after such caution, he continued to adhere to his original statement. In this action of the court there was no error, as what the members of the grand jury said to the defendant at the time he made the alleged false statements was clearly a part of the res gestae, and was admissible for the purpose of showing that such statements were made by defendant, not inadvertently, but intentionally, and after his attention had been directed to the particular matter. Such evidence was relevant as bearing on the inquiry as to whether the false statements, if such they were, attributed to the defendant, were the result mere-

ly of misunderstanding by him of the questions propounded, or of a lapse of memory as to the matters inquired about, or were knowingly or willfully and corruptly false.

The defendant excepted to certain portions of the oral charge of the court, wherein the jury were instructed to the effect that if they believed beyond a reasonable doubt that the defendant willfully and corruptly swore falsely before the grand jury, either that he was not present with said Booker or that he did not see the pistol, they would be authorized in finding him guilty. The indictment, as before observed, contained only one count, and conjunctively charged a false swearing as to both of these matters. However, whatever error there may have been in the charge of the court in the particular named was cured by the court, when, after the exception, it, as appears from the record, expressly corrected its oral charge by instructing the jury in substance that it was previously mistaken, and that before they could convict the defendant they must believe beyond a reasonable doubt that he willfully and corruptly swore falsely both that he was not present and that he did not see the pistol.

Every proposition of law asserted in the refused charges is fully covered by the given charges.—*Davis v. State,* 8 Ala. App. 147, 62 South. 1027.

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.