# Johnson v. The State.

(Decided January 9, 1917.    73 South. 748.)

### Larceny.

**Charge of Court; Cured by Withdrawal.**—While it was error for the court to instruct that there was no direct evidence that a certain person was conncted with the crime, such error was cured by the court retracting instructions, and adding that it was for the jury to determine whether there was evidence connecting such other person with the offense, and by its specific directions to them not to pay any attention to the prior remarks of the court.

APPEAL from Monroe Circuit Court.

Heard before Hon. BEN D. TURNER.

Scott Johnson was convicted of larceny and he appeals. Affirmed.

HYBART & BIGGS, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

EVANS, J.—The bill of exceptions presents but a single exception. This challenges a portion of the court's oral charge as being upon the effect of the evidence. The offending portion of the charge relates to a remark of the court that there was no direct evidence that one Hall was connected with the crime for which appellant was prosecuted. Immediately the court's attention was called to this remark, and before the retirement of the jury, as the bill of exceptions informs us, the court "stated that he would take that back," referring to the remark excepted to, and added "that is for you to say whether there is evidence connecting Mr. Hall with the commission of the offense." The bill of exceptions further informs us that the court specifically instructed the jury as follows: "I charge you, gentlemen, that the statement of the court that there is no direct testimony that Mr. Hall was connected with the commission of this offense is not before you and should have no weight with you. It is for you to say whether there is evidence to connect Mr. Hall with it."

While the oral charge is not set out as the statute requires (Acts 1915, p. 815), and may not be considered as a whole, as it should be, yet the data furnished by the bill of exceptions apprises us of the fact that the error complained of was also cured and rendered innocuous by the instructions above referred to.— *Henderson v. State,* 11 Ala. App. 37, 44, 65 South. 721; *White v. State,* 8 Ala. App. 43, 62 South. 454; *Mullens v. State,* 12 Ala. App. 206, 68 South. 533.

An examination of the record proper discloses no reversible error, and the judgment of the trial court is accordingly affirmed.

Affirmed.