55 So.2d 861

**STEEN v. CITY OF BIRMINGHAM.**

**6 Div. 252.**

Court of Appeals of Alabama.

Dec. 18, 1951.

Gibson & Hewitt, Birmingham, for appellant.

Chas. H. Brown, Birmingham, for appellee.

HARWOOD, Judge.

From his conviction in the Recorder's Court of the City of Birmingham on a charge of violating the anti-lottery ordinance of the City (Section 600 of the General Code of the City of Birmingham) this appellant perfected his appeal to the Circuit Court of Jefferson County.

His jury trial in the circuit court resulted in a verdict and judgment of guilty. Hence this appeal.

The evidence introduced by the City was abundant in its tendencies showing that the appellant had possessed papers, slips, documents, etc., customarily or usually used in the operation of a lottery, policy game or other game of chance.

The appellant offered no evidence in the trial in the circuit court.

The sole error assigned by appellant pertains to the following portion of the court's oral charge to which exception was duly reserved: "The defendant didn't have to own the lottery company, we will call it, but the law says if such papers are found in his possession or under his control, then it would be in violation of the law. You don't have to find that they had actually been used, you don't have to find that his intentions were to sell them, or to use them."

Appellant's counsel strenuously argues that the above quoted portion of the charge excepted to constitutes error for numerous reasons, among others that it permits the City to make out its case against an accused by merely offering in evidence any innocent article without any proof that the same was customarily used in a lottery; that it pretermits consideration of all the evidence in

the case; that it singles out specific facts and gives them undue prominence; that it assumes facts not in evidence; that it is invasive of the province of the jury, etc.

 It is of course axiomatic that portions of an oral charge to which exceptions are taken must be considered in their context and with the whole charge. If the charge as a whole correctly expresses the law, defects in particular instructions are not grounds for reversal where the jury is not misled. Certainly error cannot be predicated on a portion of a charge, lifted from its context, where the whole charge clearly and correctly states the applicable law. See 5 Alabama Digest, Trial, ☞295 for innumerable authorities enunciating the above stated doctrines.

On examining the entire charge given by the court we find that among other things the court instructed the jury as follows:

"Oral Charge of the Court

"The Court: Gentlemen of the jury, this defendant here is charged with violating city ordinance number 600. I am going to read a portion of that ordinance to you: 'Any person who possesses any ticket, writing, paper, slip, document, memorandum, list, article, matter or thing of any nature or kind whatsoever which is customarily or usually used in the operation of a lottery, policy game, or game of chance of any sort or kind, or which is a kind which is customarily used in the operation of a lottery, policy game, or other game of chance of any sort or kind, shall, upon conviction, be punished in the manner within the limits specified by section 4.' "

\* \* \* \* \* \*

"Now, before you can find this defendant guilty under this complaint, you will have to believe that these papers introduced in evidence before you were slips of papers used in some form of lottery or policy game, or a game of chance, or a chance of a sort or kind which is customarily used in the operation of a policy game, numbers game or a game of chance; that they were

in the possession of this defendant. *The defendant didn't have to own the lottery company, we will call it, but the law says if such papers are found in his possession or under his control, then it would be a violation of the law. You don't have to find that they had actually been used. You don't have to find that his intentions were to sell them or use them, but if they were* found in his possession or under his control, then it would be a violation of the City Ordinance No. 600 as charged here in the complaint.

"Now, gentlemen, after you have considered all of this evidence, and you believe that these papers which have been testified to by the city's witnesses, that this defendant had them in his possession at the time and place, which didn't reasonably say—mean that he had to have them in his hand or in his pocket, or in his purse, but if they were in his possession at that time, and place, and they are such papers, instruments or slips of papers, or tickets or things used, or which is customarily used in the operation of a lottery or policy game, or numbers game, then it would be your duty to return a verdict of guilty and assess a fine, not to exceed $100, but if you do not believe that these papers were in his possession or that they were used—that they were papers that were customarily used, and were for the purpose to use as a lottery game, or policy game, or numbers game, then, in that event, or in either of those events, you should return a verdict of not guilty." (Italicized portion of above being that part of charge to which exception was reserved).

 The above portions of the court's charge, without the excepted portion being lifted from its context, furnish a complete and obvious answer to the contentions of appellant's counsel. These portions amply show that taken as a whole the court's oral charge was fair and a correct statement of the legal principles governing this case, and in nowise did it tend to mislead the jury.

Affirmed.