70 So.2d 429

**BURGETT v. STATE.**

**8 Div. 338.**

Court of Appeals of Alabama.

Feb. 9, 1954.

Starnes & Starnes, Guntersville, for appellant.

Si Garrett, Atty. Gen., and Arthur Joe Grant, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The accused, Deliward Burgett, prosecutes this appeal from a judgment of conviction on a charge of living in adultery. Title 14, § 16, Code 1940.

The defendant did not testify in the trial below, nor tender any evidence in his behalf.

The appellant married Pauline Taylor. The couple separated and a divorce decree

was obtained. The defendant then married Mrs. Edna Burgett. There were two children by the first marriage and four by the second.

The prosecution is based on the contention that the accused left his second wife and without a divorce from her returned to live with his first wife and cohabited with her in adulterous relations.

We think that the tendencies of the evidence were sufficient to establish that the couple was living under the same roof and this situation had continued for some time.

Pauline Taylor's two children lived in the same home. The oldest of these was a girl in her teens.

There is no evidence that the couple occupied the same room or bed. In short, about all the evidence showed was that they were seen together about the premises and working in the fields.

■ Our courts have often held that to sustain a conviction for the offense of adultery the evidence must show, either directly or circumstantially, that there has been at least one act of illicit intercourse, with an agreement between the parties, either express or implied, to continue the relation. Cook v. State, 17 Ala.App. 347, 85 So. 823.

■ Of course, this required proof can be established by circumstantial evidence. Even so, when resort is made to this character of evidence, the facts must meet the test applicable to all criminal prosecutions. Cornelison v. State, 24 Ala.App. 594, 139 So. 572.

■ This court stated the applicable rule in Perry v. State, 11 Ala.App. 195, 65 So. 683:

"For circumstantial evidence to be sufficient to justify a jury in convicting upon it, the circumstances proved must not only be consistent with the hypothesis that the accused is guilty, but inconsistent with the hypothesis that he is innocent, and inconsistent with every other rational hypothesis except that of his guilt."

See, also, Fisher v. State, 28 Ala.App. 410, 185 So. 913; 6 Ala.Dig., Criminal Law, ☞552(3).

In Jordan v. State, 229 Ala. 415, 157 So. 485, the Supreme Court said: "The circumstances must be more than consistent with guilt, and are not sufficient if they merely cause suspicion of guilt."

The assistant attorney general stresses the fact that the couple had previously lived together as man and wife and that children were born to this marriage.

Frankly, our task would be quite easy if this were not the fact.

Does this circumstance lift the case out of the realm of mere suspicion and surmise, and relieve the prosecution from making proof which would otherwise be required? We think not.

"The sea of suspicion has no shore, and the court that embarks upon it is without rudder or compass."

■ We have considered this record en banc, and it is our conclusion that the defendant was due the general affirmative charge.

The judgment below is ordered reversed and the cause remanded.

Reversed and remanded.