303 So.2d 157

**Henry SMITH, Jr.**

v.

**STATE.**

8 Div. 534.

Court of Criminal Appeals of Alabama.

Nov. 12, 1974.

Cloud, Berry, Ables, Blanton & Tatum and James T. Baxter III, Huntsville, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

Appellant was charged in the lower court with robbery, convicted of grand larceny, and sentenced by the court to imprisonment in the penitentiary for nine years.

When the State rested its case, the appellant moved to exclude all of the evidence offered by the State on the basis that it did not make out a prima facie case.

This matter is not pressed upon the court nor mentioned in brief. We do not feel like extending this opinion by setting out the tendency of the evidence relied upon by the State for a conviction. It is enough to say this evidence abundantly supports the charge in the indictment and the conviction of the appellant of the lesser offense of grand larceny.

It is the main contention of appellant that the court erred in the oral charge to the jury in two respects, first, in its charge on the question of alleged flight of appellant and second, in the part of the charge devoted to conspiracy. Both briefs, that of the appellant and the State, are devoted to a discussion of these subjects to which the appellant attempted to except.

At the close of the oral charge of the court to the jury, and before the jury retired, the attorney for the appellant stated his alleged exceptions to the court in the following language: "Your Honor, we are going to except to your entire charge on conspiracy. I also except to your charge on the evidence of flight of the Defendant."

The charge of the court with regard to flight, as shown in the transcript, covers approximately a third of a page of the transcript and goes into some detail with regard to this subject. That part of the charge on conspiracy covers approximately a full page of the transcript and also deals with the subject in some detail.

In the case of Theola Ward, Jr., Alias v. State, 52 Ala.App. 392, 293 So.2d 307 the appellant attempted to except to the charge of the court, on the subject of flight, and stated his exception in the following words, "Judge, we would note one exception to the charge as to flight. We would note an exception to that instruction." In holding this attempt to except insufficient the court went on to say, "We hold that this attempt to note an exception was not sufficient to present the matter for our consideration, because neither the words used by the court in the oral charge were specifically set out nor was a fair paraphrase of what was said noted in the exception.

"The proper way to reserve an exception to part of an oral charge is to recite what the court said, or the substance thereof. Walker v. State, 269 Ala. 555, 114 So.2d 402; Kelley v. State, 226 Ala. 80, 145 So. 816, 819. It has been further held that an attempt to except to the court's oral charge by designation of the subject treated by the court without further setting out the specific language or substance thereof is not permissible. Koger v. State, 38 Ala.App. 476, 87 So.2d 552; Hunter v. State, 38 Ala.App. 351, 83 So.2d 737."

Many other cases could be cited to this effect but we see no reason to burden this opinion further with innumerable cases to the same effect. In view of this authority we are of the opinion that the attempt to take an exception to the designated portions of the oral charge in the case at bar was abortive and nothing is presented for this court to review. Therefore, we do not reach a discussion of the language used by the court to which the attempted exceptions were directed.

In his motion for a new trial overruled by the trial court, appellant charges error in that the trial court did not charge the jury on the law of assault with attempt to rob, and the law of assault and battery, as being lesser offenses included in the indictment which charged robbery. First, in our opinion this matter could not be called to the court's attention for the first time in a motion for a new trial and second, where a party desires the court to extend its oral charge to cover some applicable law in the trial of a case, his remedy is to request a written charge on the subject, which if refused would protect the record and present the matter to the Appellate Courts. The rules governing objections and exceptions to the oral charge of the court either in the matter of what the court says or does not say require that if the objection is to what the court did say the remedy is only by exception thereto (Passmore v. State, 47 Ala.App. 189, 252 So.2d 115), and if the objection is to the court's refusal or omission to charge on a particular subject applicable under the evidence the procedure is by way of a requested written charge. (Lewis v. State, 42 Ala.App. 166, 157 So.2d 38; Tranholm v. State, 38 Ala.App. 57, 77 So.2d 491).

A failure to pursue one of the remedies above set out, if proper and applicable to the case, is a waiver of a review by this court as to the matters in question.

There were few objections to the testimony, and no ruling by the court thereon that we find erroneous.

The written requested charges refused to defendant were covered by the

oral charge of the court, the given charges, or if technically correct, we do not think substantial error resulted to the rights of appellant by the court's action. We see no reason to extend this opinion by setting out these matters.

A careful review of the entire record reveals no error to reverse and the case is due to be and is hereby affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.