The defendant was indicted and convicted for second degree burglary and grand larceny. Sentence was fixed at six years' imprisonment. The only questions are the failure of the trial judge to give two of the defendant's written requested charges regarding the character and sufficiency of circumstantial evidence.
All the evidence in this case was circumstantial. A glass door was broken at the burglarized residence. Blood on the glass was of the same type as the defendant's. Near the door and the broken glass was a receipt from Trucker Pecan Company bearing the defendant's name. This receipt was dated the same day as the burglary and was found miles from where the defendant claimed to have visited or traveled that day. The defendant was arrested shortly after the burglary was discovered. He had a small but fresh cut on a finger of his left hand.
The defense was alibi and the defendant denied being anywhere near the scene of the crime.
The only portion of the trial judge's oral instructions dealing with circumstantial evidence is as follows:
 "After giving due consideration of all the material evidence you may find a defendant guilty by the circumstances in the case, by circumstantial evidence. A defendant does not have to be caught red-handed. You may consider all of the indirect evidence to determine whether or not there has been an act or a crime committed of burglary."
All seventeen of the defendant's requested charges were refused.
The defendant properly preserved the error by requesting the written charge. Smith v. State, 53 Ala. App. 657, 659,303 So.2d 157 (1974). An exception to the failure of a court to charge on a matter is not necessary where a requested written charge is refused. An exception reaches only what the court did say.Grisham v. State, 147 Ala. 1, 41 So. 997 (1906). The fact that defense counsel announced "satisfied" with what the trial court did say in its oral charge cannot be construed as a waiver of the judge's refusal to give a requested written instruction.
The trial court refused defendant's requested charge 15:
 "I charge you that when the evidence relied on for a conviction is circumstantial, the chain of circumstances must be *Page 1291 
complete and of such character as to convince you beyond a reasonable doubt, and, if the circumstances as proven fail to so convince you beyond a reasonable doubt that Eddie Roy is guilty, then you should return a verdict of not guilty."
This charge is identical to charge number 4 in James v. State,22 Ala. App. 183, 113 So. 648 (1927). In James, the court held that it was reversible error for the trial court to refuse to give that instruction and another substantially identical instruction as to the quality of circumstantial evidence necessary to warrant a conviction where the prosecution depended wholly on circumstantial evidence. The requested charge should have been given and its refusal was error.
Requested charge 16 was also refused:
 "I charge you that for circumstantial evidence to be sufficient to justify a jury in convicting upon it, the circumstances proved must not only be consistent with the hypothesis that the accused is guilty, but inconsistent with the hypothesis that he is innocent, and inconsistent with every other rational hypothesis except that of his guilt."
This is a correct statement of law. Walker v. State, 134 Ala. 86,32 So. 703 (1902); Burgett v. State, 37 Ala. App. 469,70 So.2d 429 (1954); Whatley v. State, 37 Ala. App. 706,75 So.2d 182 (1954). Its refusal was error.
Every accused is entitled to have written requested charges given which would not be misleading, which correctly state the law of the case, and which are supported by any evidence.Ashlock v. State, 367 So.2d 560 (Ala.Cr.App. 1978), cert. denied, 367 So.2d 562 (Ala. 1979).
This judgment of conviction is reversed and remanded because of the failure of the trial judge to give two of the defendant's requested charges.
REVERSED AND REMANDED.
All Judges concur.