DeCARLO, Judge.
Assault and battery; twenty-five dollars and 120 days hard labor.
The City of Birmingham complained that Joel Knox Hamilton “did unlawfully commit an assault and battery upon Ray Williams by hitting him about the head with a baseball bat contrary to and in violation of Section 36-5 of the General Code of the City of Birmingham, Alabama, 1964, as amended.”
The appellant was tried by a jury and found guilty. He was given a fine of twenty-five dollars and as additional punishment, was sentenced to perform hard labor for 120 days.
At trial, Ray Williams testified for the City of Birmingham that, about 1:00 A.M., on September 23, 1978, he was standing in front of his house talking with several friends when the appellant, driving approximately 45 or 50 miles per-hour, sped by them. According to Williams, the appellant’s car “ran” a stop sign, hit a speed breaker, and nearly hit several cars parked on the street. Williams yelled to the appellant to “slow it down or go somewhere else.”
After speeding by the house several more times, the appellant stopped and asked who had yelled at him. The witness stated that a friend, Ken Goodwin, noticed a wooden bat held by the passenger in appellant’s car. *121 Goodwin reached in the car, grabbed the bat and placed it on the top of the car. Williams said that the passenger retrieved the bat, then the appellant drove away.
About fifteen minutes later, the appellant returned with six other people. According to Williams, the appellant got out of his car and said, “Where is that son-of-a-bitch, I’m going to give his some of this bat.” The appellant approached Williams, who testified, “I was trying to get him to calm down, and to put the bat down and I told him there was no sense in doing this, that it was no big deal — all he had to do was go somewhere else, and that we didn’t want any fight, and made no action at all to hit him or anything.” The witness denied having anything in his hand at that time.
According to Williams, he turned his head slightly and was hit and knocked unconscious by the appellant. Williams was taken to a hospital where he was treated for a cut on the top of his head.
On cross-examination, Williams acknowledged that, during the entire incident, he was leaning against a truck with arms folded. He denied hitting anyone.
Williams’ testimony was corroborated by five witnesses who were with him on the night in question. Three of those witnesses testified that they saw the appellant hit Williams with the bat.
Perry Morris, a witness for the appellant, testified that he was a passenger in the appellant’s car on the night in question. The witness stated on cross-examination that, when he got out to get the bat off the roof of appellant’s car, he was pushed and shoved by persons whom he could not identify. Morris denied seeing anyone hit with the bat, and he denied returning to appellant’s home after leaving it.
The appellant testified that, after he got out of his car, he was “pushed and hit.” He denied doing anything, prior to that time, to threaten the victim.
On cross-examination, the appellant stated that, after he was “pushed to the ground” and “kicked ... in the head,” he started fighting with Williams. Describing the fight, the appellant said, “Just a couple of swings on each side and I heard Perry or Randy one, I’m not sure, say, ‘Let’s go, let’s go,’ so I jumped back in the car.” When the appellant was asked if he had hit anyone with the bat, he answered, “No ma’am, the only thing I know is I didn’t ‘cause I was involved in that fight at that time.” The appellant stated that his injuries consisted of a busted lip.”
Randy Freeman testified that he was a passenger in the back seat of appellant’s car on the night of the alleged incident. According to Freeman, he never saw the appellant with a baseball bat.
On cross-examination, the witness admitted that he had not actually seen the appellant get kicked in the head. Freeman denied seeing anyone get hit with a baseball bat.
As rebuttal evidence, the City of Birmingham recalled three witnesses who all testified that they had not seen Perry Morris on the night in question and that Perry Morris was not the passenger who retrieved the bat from the roof of appellant’s car.
I
Appellant first contends that the trial court committed reversible error by giving the following instructions to the jury:
“If after a full and fair consideration of all or part of the evidence there remains in your minds an abiding conviction that the defendant is guilty as charged then you have been convinced beyond a reasonable doubt, and in that event, the defendant should be found guilty.”
The appellant argues that this instruction authorizes the jury to “convict a defendant after considering only part of the evidence in the case,” and that such authorization is prejudicial error.
A jury must consider all of the evidence before reaching a conclusion regarding a defendant’s guilt or innocence. See Gautney v. State, 284 Ala. 82, 222 So.2d 175; Lee v. State, 265 Ala. 623, 93 So.2d 757; Dillard v. State, Ala., 371 So.2d 947, reversed, Ala.Cr.App., 371 So.2d 946, on remand, Ala.Cr.App., 371 So.2d 948.
*122 See also, the following cases, Gosa v. State, 273 Ala. 346, 139 So.2d 321; Brooks v. State, Ala.Cr.App., 353 So.2d 1, and Steen v. City of Birmingham, 36 Ala.App. 343, 55 So.2d 861. The foregoing cases reiterate that the entire charge should be looked to and construed together where part of an oral charge is erroneous. In Steen, supra, the appellant argued that the court’s charge pretermitted consideration of all the evidence by the jury.
In Steen v. State, supra, this court stated: “It is of course axiomatic that portions of an oral charge to which exceptions are taken must be considered in their context and with the whole charge. If the charge as a whole correctly expresses the law, defects in particular instructions are not grounds for reversal where the jury is not misled. Certainly error cannot be predicated on a portion of a charge, lifted from its context, where the whole charge clearly and correctly states the applicable law.”
In the present case, the complained of instruction was followed by another instruction which, in our judgment, cured any error which may have been committed. That instruction charged:
“If after a full and fair consideration of all the evidence in the case, ladies and gentlemen, you are convinced beyond a reasonable doubt of the guilt of the defendant, the form of your verdict is, ‘We, the jury, find the defendant guilty as charged in the complaint and fix the punishment at a fine of,’ it can be from one cent to five hundred dollars.”
A correct expression of the law was present in this subsequent instruction; therefore in our judgment the jury was not misled and no error prejudicial to the appellant was committed.
II
Appellant’s second contention is that the trial court committed reversible error by failing to “include self-defense in its oral charge to the jury.” After the trial court had completed its charge to the jury, the record reveals that the following occurred:
“MR. BROWN: We except. We except to the lack of a charge. On a defense in the face or presence of provocation being —well, I should have prepared a written charge. I except not to its being said, but unsaid and should be a charge—under the rights of an individual to defend themselves under attack by use of reasonable force.”
Section 12-16-13, Code of Alabama 1975, states:
“Charges moved for by either party must be in writing and must be given or refused in the terms in which they are written, and it is the duty of the judge to write ‘given’ or ‘refused’ as the case may be, on the document and sign his name thereto, which thereby becomes a part of the record.”
In Smith v. State, 53 Ala.App. 657, 303 So.2d 157, this court said:
“[Wjhere a party desires the court to extend its oral charge to cover some applicable law in the trial of a case, his remedy is to request a written charge on the subject, which if refused would protect the record and present the matter to the Appellate Courts.... [I]f the objection is to the court’s refusal or omission to charge on a particular subject applicable under the evidence the procedure is by way of a requested written charge. “A failure to pursue [this remedy], if proper and applicable to the case, is a waiver of a review by this court as to the matters in question.”
The record reveals that the appellant did not make a written request for a charge regarding self-defense; therefore, the appellant did properly preserve the question for review by this court. See Hali v. State, Ala.Cr.App., 375 So.2d 536; Boy v. State, Ala.Cr.App., 375 So.2d 1289.
Although we hold that the review of the matter by this court was waived, it is our judgment that the trial judge did not err when he refused to charge the jury on self-defense. In Davidson v. State, 211 Ala. 471, 100 So. 641, the Alabama Supreme court held that requested instructions which *123 are inapplicable to the evidence are properly refused. Also, in Gautney v. State, supra, the court stated:
“[W]here there is no evidence of self-defense, written requested charges which deal with that subject are properly refused.”
The record in the present case reveals no evidence of self-defense on the part of the appellant. He was charged with hitting Ray Williams with a baseball bat. At the trial, the appellant denied hitting anyone with a baseball bat. If the appellant denies committing the act of hitting Williams with a bat, then he cannot possibly assert self-defense. The appellant cannot assert as a defense an act which he denies ever having committed.
Therefore, the judgment of conviction by the Jefferson Circuit Court should be affirmed.
AFFIRMED.
All the Judges concur.