FAULKNER, Justice.
Petitioner, Joel Knox Hamilton, was convicted of assault and battery in the Circuit Court of Jefferson County. He was fined twenty-five dollars and was sentenced to one hundred twenty days’ hard labor. The Court of Criminal Appeals affirmed, 396 So.2d 120, the conviction and sentence. This Court granted certiorari to determine whether an erroneous jury instruction was cured by a subsequent instruction in the oral charges. We hold that it was not.
*124 The Court of Criminal Appeals found that the trial judge’s subsequent oral charge instructing the jury to consider “all the evidence” [1] cured the defectiveness of an earlier charge instructing the jury to base its conclusion of guilt or innocence on a “full and fair consideration of a 11 or part of the evidence.” There is no doubt that the Court of Criminal Appeals correctly stated the law upon which its holding was predicated. We find, however, that in this particular instance, the defective charge, even when construed in the context of the entire charge, was not sufficiently cured by the subsequent charge.
Defective language appeared within the text of the oral charge at least three times, while the allegedly curative language appeared only once in the midst of the erroneous language. Most likely, the trial judge inadvertently transposed the “part” [2] language from the charge on the determination of reasonable doubt, where it was appropriate, to the charge on the consideration of the evidence, where it was error. Mere inadvertence, however, will not sustain an otherwise defective or misleading jury charge. Although all of the evidence must be considered by the jury, Gautney v. State, 284 Ala. 82, 222 So.2d 175 (1969), reasonable doubt may arise out of only a part of the evidence, Tillman v. State, 360 So.2d 1074 (Ala.Cr.App.1978).
We hold that the entire charge, as given, was confusing and misleading. The judgment of the Court of Criminal Appeals is hereby reversed and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C. J., and JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
MADDOX, J., dissents.

. “If after a full and fair consideration of all the evidence in the case, ladies and gentlemen, you are convinced beyond a reasonable doubt of the guilt of the defendant, the form of your verdict is, ‘We, the jury, find the defendant guilty as charged in the complaint and fix the punishment at a fíne of,’ it can be from one cent to five hundred dollars.”

. “If after a full and fair consideration of all or part of the evidence there remains in your minds an abiding conviction that the defendant is guilty as charged then you have been convinced beyond a reasonable doubt, and in that event, the defendant should be found guilty.”