414 So.2d 993 (1982)
Ex parte: William Thomas ALLEN.
(In re William Thomas ALLEN v. STATE of Alabama.)
81-340.
Supreme Court of Alabama.
June 4, 1982.
C. Delaine Mountain of Crownover & Mountain, Tuscaloosa, for petitioner.
Charles A. Graddick, Atty. Gen., and J. Anthony McLain and James F. Hampton, Sp. Asst. Attys. Gen., for respondent.
MADDOX, Justice.
This Court granted defendant's petition for certiorari in order to review his claim that the Court of Criminal Appeals erred in holding that there is no longer an "automatic exception" to a trial court's refusal of a written requested jury instruction. After reviewing the reasons stated in the opinion of the Court of Criminal Appeals, 414 So.2d 989, we are of the opinion that the judgment entered by that court is due to be affirmed.
The "automatic exception" statute was first adopted as a rule of practice in both civil and criminal cases on December 17, 1894. Act No. 74, Acts of Alabama, 1894-5, p. 126, reads as follows:

"AN ACT
"To regulate exceptions to the giving or refusal of charges asked in writing and to give effect thereto.
"Section 1. Be it enacted by the General Assembly of Alabama, That on all trials of civil or criminal actions at law it shall not be necessary for the party asking a charge, in writing to except to its refusal, nor for the opposite party to except, to its being given; but such exception by the party asking the charge in writing shall be presumed, if the charge is refused; *994 and an exception by the opposite party shall be presumed if such charge is given, and in bills of exceptions said charges need not be stated as having been excepted to, but the supreme court must review and consider said charges and rulings as if they were separately and severally excepted to, provided the actions and rulings of the trial court are assigned as error in the supreme court.
"Approved December 17th, 1894."
Act No. 74 was codified in subsequent Alabama Codes in substantially the same language as appears in the act. The rule was carried in the 1940 Alabama Code and the 1958 Recompiled Code as Title 7, Sections 273 and 818.
This Court, when it adopted the Alabama Rules of Civil Procedure in 1973, superseded the automatic exception statute in civil cases. The "automatic exception" statute, nevertheless, still applied in criminal cases, but when the legislature, in its wisdom, adopted Code 1975, § 12-16-13, it dropped the automatic exception provision. In view of this legislative action, what rule would apply? The old Alabama rule in existence prior to adoption of Act No. 74. What was that rule? It is succinctly stated in Whitaker v. State, 106 Ala. 30 (1894), at page 34, 17 So. 456, as follows:
"It is stated in the bill of exceptions, that exceptions were not reserved to the giving or refusal of the instructions which are introduced into it. Prior to the recent statute, approved December 17th, 1894, the rule prevailing in this State was, that exceptions to instructions given or refused, must have been reserved before the retirement of the jury. The statute has changed the rule, and now, under its provisions, when the instructions are in writing, an exception is presumed, at the instance of the party asserting error, in the giving or refusal of them. The trial in the court below was had after the change of the statute, and the correctness of the instructions is open for revision, as it would have been formerly had exceptions been reserved before the retirement of the jury."
The Alabama rule in existence prior to the enactment of the "automatic exception" statute was consistent with the rule announced in Phelps v. Mayer, 14 How. 160, 14 L.Ed. 643 (1853), where the Court held:
"It has been repeatedly decided, by this court, that it must appear by the transcript, not only that the instructions were given or refused at the trial, but also that the party who complains of them excepted to them while the jury were at the bar. The Statute of Westminster 2d, which provides for the proceeding by exception, requires, in explicit terms, that this should be done; and if it is not done, the charge of the court, or its refusal to charge as requested, form no part of the record, and cannot be carried before the appellate court by writ of error. It need not be drawn out in form and signed before the jury retire; but it must be taken in open court, and must appear, by the certificate of the judge who authenticates it, to have been so taken.
"Nor is this a mere formal or technical provision. It was introduced and is adhered to for purposes of justice. For if it is brought to the attention of the court that one of the parties excepts to his opinion, he has an opportunity of reconsidering or explaining it more fully to the jury. And if the exception is to evidence, the opposite party might be able to remove it, by further testimony, if apprised of it in time.
"This subject was fully considered in the case of Sheppard v. Wilson, 6 How. [260] 275 [12 L.Ed. 430], where the cases previously decided in this court, affirming the rule above stated, are referred to." [Emphasis supplied.]
The old Alabama rule is consistent with modern procedural rules in such matters. See Alabama proposed Rule 21.3; Federal Rule 30; U.R.C.P. 523(b), (e) and (f), and Rules of Criminal Procedure adopted by several states.
Because the automatic exception provision has been eliminated from the 1975 Code, it is our considered opinion that the Court of Criminal Appeals was not required *995 to notice any alleged error or defect in this criminal proceeding, which was under review unless the alleged error or defect was brought to the attention of the trial court. It is only in death cases that the automatic exception has been preserved. Rule 45A, A.R.A.P., provides:
"In all cases in which the death penalty has been imposed, the court of criminal appeals shall notice any plain error or defect in the proceedings under review, whether or not brought to the attention of the trial court, and take appropriate appellate action by reason thereof, whenever such error has or probably has adversely affected the substantial right of the appellant."
The old Alabama rule which required a party to object (and except) to the failure of the trial court to give a written requested instruction was not "a mere formal or technical provision." As the United States Supreme Court held in Phelps v. Mayer, supra, "[i]t was introduced and is adhered to for purposes of justice."
Contemporaneously with the release of this opinion, this Court has adopted a temporary rule of criminal procedure, Temporary Rule 14, which will harmonize the procedure regarding instructions in both civil and criminal cases. A copy of Temporary Rule 14 is attached as "Appendix A" to this opinion. Temporary Rule 14 will be effective July 16, 1982.
The judgment of the Court of Criminal Appeals is due to be affirmed.
AFFIRMED.
JONES, ALMON, SHORES and ADAMS, JJ., concur.
TORBERT, C. J., dissents with opinion, in which FAULKNER, EMBRY and BEATTY, JJ., concur.

"APPENDIX A"
TEMPORARY RULE 14. INSTRUCTIONS TO THE JURY; OBJECTION
At the close of the evidence or at such other time during the trial as the court reasonably directs, either party may file and, in such event, shall serve on the opposing party, written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. The judge shall write on each request "given" or "refused," as the case may be, and the request shall thereby become a part of the record. Each request marked "given" shall be read to the jury without reference as to which party filed the request. Neither a copy of the charges against the defendant nor the "given" written instructions shall go into the jury room; provided, however, that the court may, in its discretion, submit the charges to the jury in a complex case. Every oral charge shall be recorded by the court reporter as it is delivered to the jury. The refusal of a requested written instruction, although a correct statement of the law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's oral charge or in other charges given at the request of the parties. No party may assign as error the court's giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. Submission of additional explanatory instructions shall not be required unless requested by the court. Opportunity shall be given to make the objection out of the hearing of the jury. In charging the jury, the judge shall not express his opinion of the evidence.

COMMENT
Temporary Rule 14 is taken almost verbatim from Rule 51, Alabama Rules of Civil Procedure. It supersedes those portions of § 12-16-13, Code 1975, which required that given written requested charges be taken by the jury with them on retirement for deliberations and that the judge identify the party requesting each given charge.
*996 By adopting the policy of the civil rule, Temporary Rule 14, in allowing an opportunity for objection "out of the hearing of the jury," changes the prior criminal practice which required that an objection to an oral charge be made in the presence of the jury. See Pinkard v. State, 405 So.2d 411 (Ala.Cr. App.1981), and Hand v. State, 385 So.2d 652 (Ala.Cr.App.1980).
Further, this rule, by requiring that any objections to the court's giving or refusing to give a particular charge be stated "before the jury retires to consider its verdict," clearly allows no "automatic exception." See the case of Allen v. State [Ms. 6 Div. 993, Nov. 24, 1981], 414 So.2d 989 (Ala. Cr.App.1981), aff'd. 414 So.2d 993 (Ala. 1982).
This rule is not intended to affect § 12-16-11, Code 1975, providing that the judge may state to the jury the evidence when it is disputed, but that he "shall not charge upon the effect of the testimony, unless required to do so by one of the parties."
Under this rule the ordinary procedure should be that the jury will not take with it a copy of the charges against the defendant; nevertheless, the rule recognizes that in a complex case having a copy may help the jury to understand and determine the issues. The rule, therefore, allows the judge the discretion to give the jury a copy of the charges when he feels it would be helpful to do so.
TORBERT, Chief Justice (dissenting).
I respectfully dissent. While it is true, as stated by the majority that the reference to the automatic exception was omitted from Code 1975, § 12-16-13, a review of the legislative history surrounding that and other sections fails to demonstrate an intent on the part of the Legislature to abolish the automatic exception rule in criminal cases.
The Preface to Code 1975 states the procedures and objectives of the Code Revision Subcommittee. While I recognize that the Preface is not part of the statutory law of this state, it is nevertheless helpful in explaining the intent of the Legislature in enacting Code 1975. The Preface states in pertinent part:
"The Code Revision Subcommittee proceeded in its work on the basis that its primary purpose was to produce a Code containing a correct statement of Alabama law as enacted by the Legislature, and not to revise the substance of the law. However, more than thirty-five years had passed since the last comprehensive review of the Code. And in that period of time, conflicts and duplications had developed within the Code, cases decided by the United States and Alabama Supreme Courts had altered or rendered invalid provisions of the Code, new rules of practice and procedure had been promulgated by the Alabama Supreme Court, an entirely new unified court system had been established and many changes had occurred within the administrative divisions of the government of the state. These circumstances made some revision inevitable. But the policy of the subcommittee was to preserve where possible, revise and clarify only where necessary and delete only those provisions which were obsolete or invalid."
Title 7, § 818, Code 1940 was part of Chapter 17 of Title 7 (§§ 817-827) entitled "Bill of Exceptions." With the adoption and promulgation of the Alabama Rules of Appellate Procedure, bills of exceptions were eliminated. Code 1975 explains that ARAP Rules 10, 20, and 51 have materially altered these sections so that they have become obsolete. Likewise, notes of the Code Revision Subcommittee submitted to the Legislature state, under the heading "Sections Not Codified," that § 818 was not to be made a part of Code 1975 because it was obsolete. Section 818 was treated as part of the chapter on bills of exceptions, which was entirely deleted from the 1975 Code. Thus, the logical explanation for the deletion of § 818 is that it was a part of the bills of exceptions chapter, which was deleted in its entirety as a result of the adoption of the Alabama Rules of Appellate Procedure.
Section 273 of Title 7 of the 1940 Code was replaced by Code 1975, § 12-16-13. *997 Two changes were made in the new section. The phrase "record on appeal" was substituted for the word "transcript," and the next to last sentence, which states "It shall not be necessary to set out the charges in the bill of exceptions or state therein that an exception was reserved to the giving or refusing of the charges requested, but it shall be presumed that each charge was separately requested and a separate exception reserved as to the giving or refusal thereof," was deleted. Questions posed by the Code Commissioner to the Code Revision Subcommittee and the Subcommittee's response clearly imply that the automatic exception was to be retained and that any changes made related to bills of exceptions. Question 45 of Memorandum No. 53 posed:
"45. Title 7, § 273:
(a) Should `transcript' in line 18 be changed to `record on appeal' (Note Rule 10, ARAP)?
(b) Should next to last sentence be deleted as record on appeal does not include a bill of exceptions anymore (See Rules 10(a) and 10(c), ARAP)?"
The Subcommittee's reply stated:
"45(a). Yes.
(b). Yes.
(c). Section shall be retained for applicability to criminal and probate proceedings, (Superceded for civil cases Alabama Rules of Civil Procedure."
Question 3 asked:
"3. Suggest transfer of [section 273] to new title 15 on Criminal Procedure as to civil practice (See Appendix II ARCP), but which ought to be retained for criminal procedure ...."
The response of the Subcommittee stated that the section should be retained as suggested. These questions and responses show the concern of the Legislature as to retaining the provision for use in criminal cases. The intent in changing or deleting these sections was not "unclear," as stated by the Court of Criminal Appeals, but was apparent, because they dealt with bills of exceptions, which were superseded by the ARCP.
While it is clear that the Code Revision process sought to change the statutes to eliminate the superseded sections on bills of exceptions and to change the wording from "transcript" to "record on appeal," the fact that the language providing for an automatic exception was part of these sections did not mean that the Legislature intended to eliminate the automatic exception for criminal cases. The Code Commissioner's note following § 12-16-13 provides further evidence of this and states: "The section is superseded by A.R.C.P., Rule 51, as to civil proceedings, but has been retained for applicability in criminal or probate proceedings."
Cases decided since the enactment of Code 1975 have also recognized that the automatic exception is still in effect for criminal cases. In Hamilton v. City of Birmingham, 396 So.2d 120 (Ala.Cr.App.1980), reversed on other grounds, 396 So.2d 123 (Ala.1981), the Court of Criminal Appeals, quoting Smith v. State, 53 Ala.App. 657, 303 So.2d 157 (1974), stated:
"`[W]here a party desires the court to extend its oral charge to cover some applicable law in the trial of a case, his remedy is to request a written charge on the subject, which if refused would protect the record and present the matter to the Appellate Courts.... [I]f the objection is to the court's refusal or omission to charge on a particular subject applicable under the evidence the procedure is by way of a requested written charge. `A failure to pursue [this remedy], if proper and applicable to the case, is a waiver of a review by this court as to the matters in question.'"
396 So.2d at 122. Likewise, in Roy v. State, 375 So.2d 1289 (Ala.Cr.App.1979), the Court of Criminal Appeals held:
"The defendant properly preserved the error by requesting the written charge. Smith v. State, 53 Ala.App. 657, 659, 303 So.2d 157 (1974). An exception to the failure of a court to charge on a matter is not necessary where a requested written charge is refused. An exception reaches only what the court did say. Grisham v. *998 State, 147 Ala. 1, 41 So. 997 (1906). The fact that defense counsel announced `satisfied' with what the trial court did say in its oral charge cannot be construed as a waiver of the judge's refusal to give a requested written instruction."
I believe that any changes made in the automatic exception as applied to criminal cases should be made by the Legislature or by the Court in the proper exercise of its rule making power. Until a new rule is promulgated, or until the Legislature specifically acts on this question, this Court should not eliminate the use of the automatic exception in criminal cases. For these reasons, I must dissent from the holding of the majority, and I would reverse the judgment of the Court of Criminal Appeals.
FAULKNER, EMBRY and BEATTY, JJ., concur.