I respectfully dissent. While it is true, as stated by the majority that the reference to the automatic exception was omitted from Code 1975, § 12-16-13, a review of the legislative history surrounding that and other sections fails to demonstrate an intent on the part of the Legislature to abolish the automatic exception rule in criminal cases.
The Preface to Code 1975 states the procedures and objectives of the Code Revision Subcommittee. While I recognize that the Preface is not part of the statutory law of this state, it is nevertheless helpful in explaining the intent of the Legislature in enacting Code 1975. The Preface states in pertinent part:
 "The Code Revision Subcommittee proceeded in its work on the basis that its primary purpose was to produce a Code containing a correct statement of Alabama law as enacted by the Legislature, and not to revise the substance of the law. However, more than thirty-five years had passed since the last comprehensive review of the Code. And in that period of time, conflicts and duplications had developed within the Code, cases decided by the United States and Alabama Supreme Courts had altered or rendered invalid provisions of the Code, new rules of practice and procedure had been promulgated by the Alabama Supreme Court, an entirely new unified court system had been established and many changes had occurred within the administrative divisions of the government of the state. These circumstances made some revision inevitable. But the policy of the subcommittee was to preserve where possible, revise and clarify only where necessary and delete only those provisions which were obsolete or invalid."
Title 7, § 818, Code 1940 was part of Chapter 17 of Title 7 (§§ 817-827) entitled "Bill of Exceptions." With the adoption and promulgation of the Alabama Rules of Appellate Procedure, bills of exceptions were eliminated. Code 1975 explains that ARAP Rules 10, 20, and 51 have materially altered these sections so that they have become obsolete. Likewise, notes of the Code Revision Subcommittee submitted to the Legislature state, under the heading "Sections Not Codified," that § 818 was not to be made a part of Code 1975 because it was obsolete. Section 818 was treated as part of the chapter on bills of exceptions, which was entirely deleted from the 1975 Code. Thus, the logical explanation for the deletion of § 818 is that it was a part of the bills of exceptions chapter, which was deleted in its entirety as a result of the adoption of the Alabama Rules of Appellate Procedure.
Section 273 of Title 7 of the 1940 Code was replaced by Code 1975, § 12-16-13. *Page 997 
Two changes were made in the new section. The phrase "record on appeal" was substituted for the word "transcript," and the next to last sentence, which states "It shall not be necessary to set out the charges in the bill of exceptions or state therein that an exception was reserved to the giving or refusing of the charges requested, but it shall be presumed that each charge was separately requested and a separate exception reserved as to the giving or refusal thereof," was deleted. Questions posed by the Code Commissioner to the Code Revision Subcommittee and the Subcommittee's response clearly imply that the automatic exception was to be retained and that any changes made related to bills of exceptions. Question 45 of Memorandum No. 53 posed:
"45. Title 7, § 273:
 (a) Should `transcript' in line 18 be changed to `record on appeal' (Note Rule 10, ARAP)?
 (b) Should next to last sentence be deleted as record on appeal does not include a bill of exceptions anymore (See Rules 10 (a) and 10 (c), ARAP)?"
The Subcommittee's reply stated:
"45 (a). Yes.
(b). Yes.
 (c). Section shall be retained for applicability to criminal and probate proceedings, (Superceded for civil cases Alabama Rules of Civil Procedure."
Question 3 asked:
 "3. Suggest transfer of [section 273] to new title 15 on Criminal Procedure as to civil practice (See Appendix II ARCP), but which ought to be retained for criminal procedure. . . ."
The response of the Subcommittee stated that the section should be retained as suggested. These questions and responses show the concern of the Legislature as to retaining the provision for use in criminal cases. The intent in changing or deleting these sections was not "unclear," as stated by the Court of Criminal Appeals, but was apparent, because they dealt with bills of exceptions, which were superseded by the ARCP.
While it is clear that the Code Revision process sought to change the statutes to eliminate the superseded sections on bills of exceptions and to change the wording from "transcript" to "record on appeal," the fact that the language providing for an automatic exception was part of these sections did not mean that the Legislature intended to eliminate the automatic exception for criminal cases. The Code Commissioner's note following § 12-16-13 provides further evidence of this and states: "The section is superseded by A.R.C.P., Rule 51, as to civil proceedings, but has been retained for applicability in criminal or probate proceedings."
Cases decided since the enactment of Code 1975 have also recognized that the automatic exception is still in effect for criminal cases. In Hamilton v. City of Birmingham,396 So.2d 120 (Ala.Cr.App. 1980), reversed on other grounds,396 So.2d 123 (Ala. 1981), the Court of Criminal Appeals, quoting Smithv. State, 53 Ala. App. 657,303 So.2d 157 (1974), stated:
 "`[W]here a party desires the court to extend its oral charge to cover some applicable law in the trial of a case, his remedy is to request a written charge on the subject, which if refused would protect the record and present the matter to the Appellate Courts. . . . [I]f the objection is to the court's refusal or omission to charge on a particular subject applicable under the evidence the procedure is by way of a requested written charge. `A failure to pursue [this remedy], if proper and applicable to the case, is a waiver of a review by this court as to the matters in question.'"
396 So.2d at 122. Likewise, in Roy v. State, 375 So.2d 1289
(Ala.Cr.App. 1979), the Court of Criminal Appeals held:
 "The defendant properly preserved the error by requesting the written charge. Smith v. State, 53 Ala. App. 657, 659, 303 So.2d 157 (1974). An exception to the failure of a court to charge on a matter is not necessary where a requested written charge is refused. An exception reaches only what the court did say. Grisham v. *Page 998 State, 147 Ala. 1, 41 So. 997 (1906). The fact that defense counsel announced `satisfied' with what the trial court did say in its oral charge cannot be construed as a waiver of the judge's refusal to give a requested written instruction."
I believe that any changes made in the automatic exception as applied to criminal cases should be made by the Legislature or by the Court in the proper exercise of its rule making power. Until a new rule is promulgated, or until the Legislature specifically acts on this question, this Court should not eliminate the use of the automatic exception in criminal cases. For these reasons, I must dissent from the holding of the majority, and I would reverse the judgment of the Court of Criminal Appeals.
FAULKNER, EMBRY and BEATTY, JJ., concur.